UTICA,
August, 1829.

Reynolds
v.
Reynolds.

REYNOLDS *vs.* REYNOLDS, administrator, &c.

A declaration is bad for *misjoinder* of counts, where in an action of assumpsit against an administrator, a count of *insimul computassent* with the defendant, as administrator, of and concerning monies *from the defendant as administrator, to the plaintiff,* before that time due and owing, is joined to counts on premises made by the intestate.

Had the accounting been stated to have been with the defendant, as administrator, of and concerning money due and owing to the plaintiff *by the intestate in his life time* there would have been no mis-joinder.

DEMURRER to declaration. The declaration is in assumpsit, and contains seven counts. The first six counts charge *the intestate* to have been indebted, in his lifetime, to the plaintiff; the seventh is on an account stated by the defendant, *as administrator* with the plaintiff, " of and concerning divers other sums of money from the said defendant, *as administrator* as aforesaid, to the said plaintiff, before that time, due and owing." The count states that upon such accounting the defendant, *as administrator* as aforesaid, was found in arrear and indebted ; and being so found in arrear and indebted, he, *as administrator*, in consideration thereof, undertook and promised, &c. The defendant demurred, and the plaintiff joined.

*C. Bushnell,* for defendant. The last count is incongruous, and cannot be joined with the other counts in the declaration, because it requires a different judgment than would be rendered upon those counts. The judgment on the first counts would be *de bonis intestatoris ;* on the last, *de bonis propriis.* It is not alleged, in the last count, that the accounting was of and concerning monies due or owing *by the intestate.* The defendant, *as administrator,* may have become liable after the death of the intestate, for funeral charges, &c. : the count, therefore, would be good to charge him personally ; but a judgment *de bonis intestatoris* could not be rendered upon it. The rule that a plaintiff, upon a general demurrer to the whole declaration, shall have judgment, if there be one good count, does not apply to this case : the demurrer is for the incongruity of the counts. The counsel commented upon the observations of Mr. Chitty, (1 Chitty's Pl. 205,) that such counts might be joined, and insisted that though such counts might be joined in actions *by* administrators, they could not be joined in actions *against* them. He cited 1 H. Black. 102 ; 2 Bos. & Pul. 424 ; 4 T. R. 347 ; 8 Johns. R. 440 : 12 id. 349 ; 7 Cowen, 58 ; 2 Saund. 117 e.

*A. L. Jordan*, for plaintiff, insisted that the last count either charged the defendant *de bonis intestatoris*, or it was bad, and a judgment could not be rendered on it ; and in either case, the plaintiff was entitled to judgment. Under that count, the plaintiff would be entitled to show that the obligation existed in the life time, but that the indebtedness did not accrue until after the decease of the intestate ; as where the plaintiff was the surety, and did not pay until after the death of the intestate. In such case, the accounting could be only with the administrator, and the judgment of course would be *de bonis intestatoris*. There is nothing in the count which shews that the accounting was of and concerning monies for which the defendant would be personally liable, and the court will not presume the fact.

*By the Court*, SAVAGE, Ch. J. The declaration contains seven counts, all of which are admitted to be good, and to charge the defendant in his representative character, except the last, which, it is alleged, charges him in his individual capacity ; and it is urged that, as the counts require different judgments, they cannot be joined in the same declaration.

It is well settled that if the counts be such as require different judgments, they cannot be joined : a judgment npon counts charging the defendant as administrator must be *de bonis intestatoris ;* whereas upon a count charging the defendant individually, in his own right, the judgment is *de bonis propriis*.

The only question, therefore, is, whether the last count charges a personal liability ; and whether a recovery upon it requires a judgment against the defendant in his representative or individual capacity. The count appears to be taken from 2 Chitty's Pl. 61, 2, and states that the defendant, as administrator as aforesaid, accounted with the plaintiff concerning divers sums of money due and owing from the defendant, as administrator as aforesaid ; that upon such accounting, the defendant, as administrator as aforesaid, was found in arrear, and as administrator as aforesaid promised to pay, &c. Had the count stated the accounting to be *of and concerning divers*

*sums of money due and owing from the intestate, in his life time to the plaintiff,* it would have fallen precisely within the case of *Secar* v. *Atkinson,* (1 H. Black. 102,) in which such a count was held to be properly joined with other counts stating promises by the intestate. The distinction is between causes of action existing in the life time, and those arising after the death of the testator or intestate. In the former cases, the judgment should be against the goods of the deceased; in the latter, against the goods of the representative. This distinction is taken in several cases in this court. (8 Johns. R. 440. 12 id. 349. 7 Cowen, 58.) The same distinction exists in the English courts, and is clearly stated in 2 Saund. 117, d. e., and that a count for money had and received by the defendant, as executor, for the plaintiff's use, or for money lent him, *as such,* or on an insimul computasset of money due from him, as such, cannot be joined to a count on a promise made to the testator ; and such mis-joinder of action, either by or against an executor, is a defect in substance, and therefore bad on general demurrer. (4 T. R. 347. 1 H. Black. 108. 2 Bos. & Pul. 424.) But a *count on an account stated with an executor, for money due from the testator,* may be joined to a count on a promise by the testator, this being the common mode of declaring against executors, to save the statute of limitations. (1 H. Black. 102.) Mr. Chitty, (1 Ch. Pl. 205, 6,) lays down the same rule, but supposes that since the case of *Cowell and wife, adm'rs, &c.* v. *Watts,* (6 East, 406,) the decision would be different in regard to an insimul computasset by an executor defendant. In that case, it was decided that a count for goods sold by the plaintiff, as administratrix, might be joined with a count upon an account stated with her, as administratrix, because the damages recovered would be assets. But I apprehend that does not do away the reason why such counts as are here joined may not be joined, because they require different judgments, and there would be an incongruity in the record. It seems, therefore, that an accounting with the plaintiff by the defendant, as administrator, without saying *for the indebtedness of the intestate,* creates a cause of action against the administrator personally ; but if the accounting be *of and*

*concerning money due and owing to the plaintiff by the intestate in his life time*, such accounting creates no personal responsibility in the administrator; it raises no new duty on his part, and a promise by him upon such accounting may be joined in the same declaration containing promises by the intestate.

According to this rule, the last count in this declaration cannot be joined with the other counts. The demurrer is well taken, and the defendant is entitled to judgment, with leave to the plaintiff to amend, on payment of costs.