## PILLSBURY *vs.* HUBBARD, *in Error.*

Where an executor or administrator institutes a suit for a cause of action pur-
porting to have arisen in the life-time of the testator or intestate, and the de-
fendant prevails upon the merits, judgment is to be entered against the goods
and estate of the testator or intestate.

If the cause of action is alleged to have accrued after the decease of the testa-
tor or intestate, and the executor or administrator might sue in his own right,
judgment may be entered against him *de bonis propriis*.

An administrator brought an action upon promissory notes, purporting to have
been given to the intestate, and recovered judgment, which was satisfied.
The defendant instituted a review, and obtained a verdict, and judgment to
recover back the damages and costs he had paid, and his own costs in the
original action and upon the review—*Held*, on error, that the judgment was
rightly entered against the goods and estate of the intestate, in the hands of
the administrator.

ERROR upon a judgment rendered in the court of common
pleas, February term, 1837.

J. E. Pillsbury, the plaintiff in error, as administrator of
the goods and estate of Benjamin Pillsbury, deceased, com-
menced a suit against Hubbard, the defendant in error, found-
ed upon two promissory notes, payable to the intestate, and
purporting to be signed by Hubbard; and obtained a judg-
ment and execution, which was satisfied. Hubbard pur-
chased out a writ of review, and upon a trial of the action,
upon the general issue, obtained a verdict; and judgment
was rendered in his favor, against the goods and estate of
Benjamin Pillsbury, in the hands of J. E. Pillsbury, admin-
istrator, for the amount of the former judgment with interest,
and for Hubbard's costs in the former action, and also upon
the review.

This writ of error was brought to reverse that judgment.

The error assigned was that the judgment ought to have
been rendered against said J. E. Pillsbury, personally.

Plea, that there is no error, &c.

*James Bell & D. Pillsbury,* for the plaintiff in error,
contended that the judgment was not founded on any claim

Pillsbury *v.* Hubbard.

against the deceased, but was for the costs of the defendant, and for a restoration of what the administrator had obtained by means of an erroneous judgment, which were matters with which the deceased had nothing to do.

If judgment may be rendered in this manner, the whole of an insolvent estate may be taken to satisfy a judgment.

The plaintiff is the party against whom the judgment ought to have been rendered. It can make no difference that the judgment was rendered on review. It should have been against the same party that it would have been had judgment been obtained by the defendant, in the original suit.

They cited, 16 *Mass. R.* 530, *Hardy* vs. *Call;* 2 *Pick. R.* 68, *Brooks* vs. *Stevens;* 14 *Pick. R.* 8, *Burns* vs. *Fay; Ditto* 274, *Pierce* vs. *Saxton;* 15 *Pick. R.* 387, *Blake* vs. *Dennie.*

*H. F. French,* (with whom was *Bartlett,*) for the defendant in error.

1. Upon the principles of the common law, this judgment is right. Because an executor or administrator, at common law, is liable only so far as he has assets, either for debt or cost, except by his own default. 3 *Bac. Abr. " Executor," M.* And costs are the consequence of some default of the party against whom they are assessed, and are never at common law taxed against an innocent party. 9 *Johns. R.* 370, *Clinton* vs. *Strong.*

Executors and administrators, plaintiffs, were not liable to pay costs, except in particular cases, because not within the meaning of statute of 23 H. viii. c. 15, which provides that costs shall be paid by the plaintiff, on judgment against him. Nor within the intent of statute 4 Jac. i. c. 3, which extends that provision to all personal actions. 27 *Com. Law. R.* 400, *Wilkinson* vs. *Edwards.*

The exceptions were, where the executor or administrator had been guilty of wilful negligence or fault, as in 6 *T. R.* 654, *Higgs* vs. *Warry;* 9 *Bing.* 754, *Woolley* vs. *Sloper;*

and where he names himself executor or administrator, and should not ; 4 *T. R.* 277, *Cockerill* vs. *Kynaston ;* 2 *B. & P.* 255, *Tattersall* vs. *Groote ; see, also, Bac. Abr., Costs, E ; Ditto, Executor, M.* These principles have been adopted in New-York. 2 *Johns. R.* 277 ; 11 *Johns.* 403.

Executors and administrators, defendants, were never, at common law, personally charged, except by their own default. 3 *T. R.* 693 ; 2 *Rob. on Wills* 126 ; *Lilly's Ent.* 503 ; 1 *Saund. Pl.* 336 (*n.* 10) ; 3 *T. R.* 685 ; 2 *Bac. Abr., Exr., M ;* 4 *Cowen's R.* 447. The same principles apply where they are plaintiffs. There is no evidence that the administrator was in fault, in this case, except his failure in the suit ; and this is not enough. 6 *T. R.* 656.

We contend that upon this general principle, this administrator was not liable to costs, personally, because he was guilty of no negligence or default. But if liable, it must be only in the alternative, and that, not for his own benefit, but for the security of the other party, if there were not property of the deceased sufficient. Judgment at common law was in the alternative, even where there was a false plea pleaded.

2. The goods and estate of the deceased are the fund out of which both debt and cost are to be satisfied, if sufficient.

The case, *Hardy* vs. *Call*, 16 *Mass. R.* 530, was based, professedly, upon a peculiar statute provision. All the cases cited from Massachusetts and Pickering's Reports, to show that the administrator is personally liable for costs, are upon the ground that the other party is " entitled" to judgment *de bonis propriis*, for his better security. In this case we moved for, and obtained, judgment against the estate.

The estate of the deceased being the fund out of which the judgment is to be eventually satisfied, we contend that the form of the judgment and execution, in this class of cases, i. e., the manner of reaching that fund, is matter of practice, subject to the discretion of the court. This will appear by examining the English and other authorities.

*Tidd's Prac.* 933, 1019; *Saund.* 219, *note* 8; 4 *Cowen's R.* 445, *The People* vs. *Judges of Erie.*

In this state the form of judgment and execution must, from necessity, be both matters of practice, none being prescribed by statute.

This power of courts to regulate the forms of their records is, it is believed, universally acknowledged. 3 *Mass. R.* 196.

We contend that the discretion of the court extends so far as this, that if the goods of the deceased are liable in the first instance; and the administrator is liable if there are no goods of the deceased, judgment may be entered—

1. Against the estate of deceased unconditionally. Then, upon return of *nulla bona*, or of a *devastavit*, upon the execution, and *sci. fac.* brought, an execution might well go against the administrator, personally, to the extent of his ability.

That the practice in this state is to render judgment for costs against the estate, or the administrator, in his said capacity, is conclusively shown from an examination of the records.

2. Judgment might be in the alternative as to debt and cost, or cost alone, according to the liability of the administrator.

We contend that the court have it in their discretion, if there is no statute provision, where a judgment has been entered in the alternative, to issue execution in either of two ways—

1. Against the estate of the deceased, absolutely, in the first instance. Then, if returned unsatisfied, upon *sci. fac.* brought, to issue execution against the administrator, personally, to the extent of his liability, according to the judgment.

2. Against the goods and estate of the deceased, if sufficient; if not, then against the administrator, personally, following the judgment, throughout, in the first execution. Either would be consistent with the judgment.

The discretion of the court extends only to the forms of enforcing existing liabilities, not to the creation of new ones. Entering judgment, or issuing execution, absolutely, against the administrator, when he is liable only in the alternative, would be to create a liability. Entering judgment, or issuing execution against the estate only, when the administrator is liable also, in certain events, does not create or increase the liability of the estate of deceased.

If the judgment should stand in the alternative, the court have power to direct an amendment of it. Execution might well be, then, in the first instance against the goods and estate, as issued in this case.

The statute of 1829, p. 89, provides that no judgment shall be reversed for any circumstantial errors or mistakes. The authority of courts to amend a judgment, even after a writ of error brought to reverse it, is undoubted. 5 *Burr.* 1730; 1 *Saund.* 336, (*n.* 10) *S. C.* ; 6 *Green. R.* 48, *Crofton, Exr.,* vs. *Ilsley.* We suppose the judgment right, as it stands.

But again : This judgment, being on review, is right, even if it would otherwise have been erroneous. This was, originally, a suit on two notes, purporting to be made by Hubbard to the intestate, and judgment rendered for the administrator, in his capacity of administrator. The first judgment was satisfied, and the money received by the administrator became part of the estate of the deceased. The money received in satisfaction of the first judgment was not Jesse E. Pillsbury's. That judgment is not now reversed. It remains in full force. 7 *Mass. R.* 26, *cited* 7 *N. H. Rep.* 492. A review was had, and the notes proved forgeries. The amount of the former judgment has, erroneously, become part of the estate of the intestate, in the hands of the administrator.

How should the error be corrected ? The first judgment remaining valid, the judgment on review should be such as to recall the property from the fund of which it had, erroneously, become a part ; that is, against the administrator, in his

capacity of administrator, to be levied of the estate in his hands. A judgment against him, personally, could not be set off against a judgment in favor of the estate. This circumstance would indicate what the judgment on review should be.

It might be unjust to the administrator to enter judgment against him, personally, if the estate were actually insolvent. It would have been unjust, in this case, to have compelled the plaintiff, Hubbard, to look to the administrator, personally. He has been absent from the state ever since the judgment was recovered, leaving no visible property.

It is objected that the estate of deceased persons might all be taken from creditors, by such judgments. But this is not so. If the estate is abundantly solvent, as in this case, the objection does not apply. If not, and the administrator incurred the expenses properly, he would charge them, if paid by him personally, as expenses of administration. If he incurred them improperly, he is liable on his bond to any person injured.

PARKER, C. J. It appears from various cases, cited by the defendant's counsel from the records of this county, and that of Strafford, that the practice in this state formerly was, to enter up judgment against a plaintiff executor, or administrator, in his said capacity, or against the goods, &c. of the testator or intestate in his hands ; in either of which cases execution was issued against the goods of the testator or intestate.

This practice seems to have been changed about 1823 ; and several cases are shown, since that time, in which judgment was rendered, and execution was issued against the executor or administrator personally, in the first instance.

It may be conjectured that this change was probably occasioned by the decision in *Hardy* vs. *Call*, 16 *Mass. R.* 530.

That the change here, if it was based on this decision, was

not made upon full consideration, is evident from the fact, that the opinion in Hardy *vs.* Call that an administrator who prosecutes a suit as such is personally responsible for costs, is explicitly founded upon a statute of that state, and we have no statute provision leading to such a result.

The particular statute there referred to is not stated ; but from a citation by counsel, 1 *Pick. R.* 275, *Smith* vs. *Floyd*, it was probably the statute of October 30, 1784, § 9, which provided " that when any plaintiff shall in any stage of his action become nonsuit, or discontinue his suit, the defendant shall recover his costs against him ; and that in all actions, as well those of *qui tam* as others, the party prevailing shall be entitled to his legal costs against the other."

If this was the clause referred to, it is evidently susceptible of a construction which would require the entering of the judgment, when a plaintiff executor or administrator failed in his suit, against the goods of the testator or intestate.

That the court in Massachusetts, however, have given the correct construction to their own statute, is not to be doubted.

Other decisions, cited by the plaintiff in error from the Reports of Massachusetts, show that we cannot follow the rules established there.

In *Pierce* vs. *Saxton*, 14 *Pick. R.* 274, it was held that where a claim, presented to the commissioners of an insolvent estate, is rejected, and the creditor recovers in an action at law against the administrator, he is entitled to judgment for the costs of the action, against the administrator, *de bonis propriis.* The court were of opinion that the statute provided for adding to the commissioner's report only the debt or claim, and not the costs. A similar decision had before been made, in a case where the commissioners had allowed the claim, and the administrator objected. 14 *Pick. R.* 8, *Burns* vs. *Fay.* And so in a case where the creditor, under such circumstances, recovered less than the commissioners had allowed. 15 *Pick. R.* 385, *Blake* vs. *Dennie.*

That we cannot follow these rules, and that they furnish no

Pillsbury v. Hubbard.

principle to guide us to a decision in this case, is evident
from the provisions of our statute relative to insolvent es-
tates. Here, if the creditor appeal from the decision of the
commissioners, he is to enter his action, as plaintiff, against
the executor or administrator. Unless he recovers more than
the commissioners allowed, he recovers no costs; but the
court may tax costs for the executor or administrator, if, all
circumstances considered, they think it proper. "And the
judgment of the superior court, in favor of such appealing
creditor, shall be certified to the judge of probate, and its
amount shall be considered as the just claim of such creditor,"
&c. *N. H. Laws* 362.

If the commissioners allow a claim, and the administrator
objects, the creditor is to prosecute his suit in the same man-
ner; and if he recover as much as was allowed by the com-
missioners, he is entitled to full cost.

That the judgment in the first of the above cases, the
amount of which was to constitute the claim of the creditor,
included costs, if he recovered them—and that the full costs,
to be allowed the creditor, in the second instance, were also
to be certified to the judge of probate, as part of the claim,
is evident from the next provision of the statute, authorizing
the parties, after an appeal by the creditor, or an objection by
the administrator, to agree to submit the disputed claim to
referees; and enacting that the costs of reference, if allowed
to the creditor, should be added to, and constitute a part of,
his claim.

And this is further apparent from the seventh section of
the same statute, which enacts that the right of review, in
any suit instituted in the courts of common law, and on
which judgment shall have been rendered, shall not be af-
fected by the act; but the sum finally ascertained to be due
from the insolvent estate, on such review, if prosecuted,
shall, including costs, constitute the claim of the creditor,
and be admitted on the list of claims, and draw its propor-
tionate share.

This last provision of the statute for the settlement of insolvent estates, furnishes an argument in favor of the judgment rendered in this case ; for if on a review by an executor or administrator, where a creditor brought his action against the intestate and recovered, after which the intestate died, the judgment rendered in favor of the creditor on review, including the costs, is to be a claim against the estate —there would seem to be at least equal reason why the judgment, in this case, for the costs, should be against the estate, and not against the administrator, personally.

As to the sum which the administrator had received on the former judgment, he received that as administrator, under the judgment of a competent tribunal ; and having lawfully taken and administered it as part of the assets, there seems to be no reason, if the defendant recovers on review, why the judgment should be in the first instance against the proper goods, estate, and body of the administrator. He might, it is true, have the amount allowed in his administration account ; but on what principle ought he to be compelled to advance the money from his own funds, and pray for an allowance of it.

The statute relating to the powers and duties of a judge of probate, sect. 19, enacts, " that all writs of attachment and execution, for any cause of action, against a person deceased, shall run only against the goods or estate of the deceased person, in the hands of the executor or administrator ; nor shall any executor or administrator be held to special bail upon mesne process ; nor shall his estate be seized, or his person arrested, or taken on execution, for any such cause of action ; except that upon return made by the sheriff on an execution, of " no goods," or of " waste," a *scire facias* may be issued against such executor or administrator ; and if upon the return thereof he fail to appear, or if, after appearance, shall not shew sufficient cause, execution shall be awarded against such executor or administrator, of his own proper goods and estate, to the value of the waste, when it

Pillsbury *v.* Hubbard.

can be ascertained, and otherwise for the whole sum recovered, and for the want of goods or estate, against the body of such executor or administrator." *N. H. Laws* 338.

This clearly authorizes a judgment against the goods or estate of the executor or administrator, on *scire facias*, when judgment has been recovered in a suit against him, and he refuses to expose the goods of the testator or intestate, or has wasted them. Cases where he has himself commenced an action, and, after judgment against him, refused to expose the goods, or has wasted them, are certainly within the reason of this clause, and may perhaps well be held to be within its provisions. But it will not follow that an execution against the executor or administrator, to be levied upon his own goods, is a matter of course on *scire facias*. It will go against him if he does not show cause. But in the case of an action against him as executor or administrator, in which judgment was recovered for damages and costs, it would be sufficient cause that he had never had wherewith to pay. And if in virtue of this statute a *sci. fa.* may be brought against an administrator who has instituted a suit and failed, in order to obtain an execution against his goods and body, he must have an opportunity to show cause why it should not issue. We need not at this time enquire what would constitute a sufficient cause where he himself had instituted the proceeding in which the costs were incurred.

From our investigation it appears we have no general statute for the allowance of costs; nor any particular statute prescribing how a judgment shall be entered, where an executor or administrator has instituted a suit and failed. The general rule of practice in suits at law, from the earliest dates, has been to allow costs to the prevailing party. The practice for a long series of years, on the allowance of costs against an executor or administrator, was to enter up judgment against the estate in his hands, or against him in his capacity of administrator, in which case execution issued against the estate; and the change of practice, several years

since, seems to have been founded on nothing to warrant an alteration in this particular. So far as statutes respecting costs in particular cases give any indication, it is in favor of the former mode, as no statute provision recognizes any personal liability of the executor or administrator, except upon a refusal to expose the goods, or waste.

But it may be said with some reason, that an executor or administrator ought not, in his representative capacity, to commence an unfounded suit when he had no goods of the testator or intestate to discharge the costs, and that where he has thus instituted an action and failed, it is but just that he should pay the costs himself.

Whether an execution may not in such case be obtained against him, personally, upon a return of " no goods," we do not now enquire. But by the common law no man recovered costs ; 2 *Inst.* 288. Nor were any allowed against executors, by the statute, 4 Jac. I. c. 3. *Cro. Jac.* 229, *Haywarth* vs. *David*.

Before the statute of 3 & 4 W. iv. c. 42, executor plaintiffs were not liable to costs on a nonsuit, or verdict for the defendant, not from express exemption by any law, but owing to the particular mode in which the language of the statutes giving costs to defendants was expressed. 1 *Bing. New Cas.* 301, *Wilkinson* vs. *Edwards*.

The cases in England in which an executor or administrator, plaintiff, was liable to pay costs, before the statute of 3 & 4 W. iv. seem to have been where he was in fault for not proceeding, as in case of *non pros.* for want of declaring within time. 3 *Burr.* 1584, *Hawes* vs. *Saunders*. So for not going to trial according to his notice. 1 *Salk.* 314, *Eaves* vs. *Mocato* ; 2 *Tidd's Pr.* 893. In such cases the executor or administrator seems to be personally liable, (3 *Burr.* 1585) as he well may be. The cases are, in principle, like interlocutory orders for the payment of costs, upon some default or motion.

Upon a judgment as in case of a nonsuit, an executor,

plaintiff, who has been guilty of wilful negligence, is not liable to the costs of the cause, but only to the costs occasioned to the defendant by such wilful negligence. 9 *Bing.* 754, *Woolley* vs. *Sloper.*

In *Higgs* vs. *Warry*, 6 *D. & E.* 654, the defendant demurred to the plaintiff's declaration for a defective profert; and the plaintiff failing to join in demurrer, the defendant signed judgment of *non pros.*, and a question arose as to the costs. Ashurst, J. said, when an executor fails in proving his case at nisi prius, he is excused from paying costs, because he is not supposed to know with certainty the situation of his testator; but here the administratrix herself made a mistake, and therefore she ought to pay the costs of it.

So executors and administrators are liable to costs, in England, when defendants, if they plead falsely; and the judgment in such case is, that the costs be levied of the goods of the testator or intestate, if the defendant hath so much thereof in his hands to be administered, and if not *de bonis propriis.* 2 *Tidd* 894; 7 *D. & E.* 359, *Bollard* vs. *Spencer ;* 3 *D. & E.* 685–688, *Erving* vs. *Peters.*

But we have no practice here charging an executor or administrator with costs on account of false pleading merely, nor any which warrants the entry of an alternative judgment.

Where the cause of action is alleged to have arisen after the death of the testator or intestate, and the executor or administrator might sue in his own right, without describing himself as executor or administrator, judgment may well be entered against him *de bonis propriis ;* the allegation, in that case, that he was executor or administrator, being considered *descriptio personæ.* 1 *Salk.* 314; 7 *D. & E.* 358 ; 2 *Tidd* 893 ; 10 *East's R.* 293, *Hollis* vs. *Smith ;* 2 *Taunt. R.* 116, *Grimstead* vs. *Shirley ;* 8 *Mass. R.* 199.

But that is not this case ; and without entering into a consideration of the peculiar circumstances presented here, occasioned by its being a judgment upon review, to recover

back damages, as well as for costs, we are of opinion that the judgment was rightly entered.

*Judgment affirmed.*