*Gillet *vs*. Hutchinson's Administrators. [ *184 ]

In an action against an *administrator*, the plaintiff cannot join a count on a *promise by the intestate* with counts on *promises by the administrator for causes of action accruing since the death of the intestate;* a promise by the administrator on an *account stated* of moneys due from the intestate *in his life time* may be joined with a count on a promise by the intestate, but not a promise by the administrator on an account stated of moneys due from himself.

Misjoinder of counts. The declaration in this case contains several counts. In the *first*, the plaintiff declares on a promissory note dated October 1, 1836, made by John W. Dygert for $300, payable one year after date to the order of the *intestate, and endorsed by him in his life time* to the plaintiff; averring a demand, and non-payment by the maker when the note fell due, and notice to the defendants as administrators, the intestate being then dead, and then stating a promise by the administrators to pay the note. The *second* count is on a like note, omitting averment of notice of non-payment. The *third* count is for money *lent* by the plaintiff to the de-

fendants, as administrators. *Fourth,* for money *paid* &c. by the plaintiff to and for the use of the defendants, administrators as aforesaid. *Fifth,* for money *had and received* by the defendants, administrators as aforesaid, to and for the use of the plaintiff. *Sixth,* for that the defendants, administrators as aforesaid, *accounted together* with the plaintiff of and concerning divers sums of money before that time due and owing *from the defendants,* administrators as aforesaid, to the plaintiff, &c. Demurrer and joinder.

*J. A. Spencer,* for defendants.

*J. V. L. Pruyn,* for plaintiff.

*By the Court,* BRONSON, J. Independant of minor objections, there is a fatal misjoinder of counts. The two first counts are on promises made by the intestate in his life *time, though the right of action did not accrue until after his death. On these counts the judgment would be *de bonis intestatoris;* although a promise by the administrators is alleged, the counts show that the original obligation was contracted by the intestate. *Carter* v. *Phelps,* 8 *Johns. R.* 440. The four remaining counts are on promises made by the administrators, and relate wholly to transactions after the death of the intestate. On these counts, the judgment would be *de bonis propriis.* As to the *money counts, vid. Rose* v. *Bowler,* 1 *H. Black.* 108. *Bridgen* v. *Parkes,* 2 *B. & P.* 424. *Powell* v. *Graham,* 7 *Taunt.* 580. *Jennings* v. *Newman,* 4 *T. R.* 347. 2 *Saund.* 117, *e. note. Myer* v. *Cole,* 12 *Johns. R.* 349. *Demott* v. *Field,* 7 *Cowen,* 58. The count upon an account stated, might have been joined with the two first counts, if the accounting had been of moneys due from the *intestate* in his life time; but it is of moneys due from the *administrators. Reynolds* v. *Reynolds,* 3 *Wend.* 244. The case of *Powell* v. *Graham,* 7 *Taunt.* 580, so far as it relates to the *insimul computassent* count, is not law in this state, if it is in England.

Beyond the misjoinder, the second count is bad, for not averring notice of demand and non-payment of the note; and the other counts are not very formally drawn.

*Judgment for defendants.*