FARMERS' BANK, use of J. THOROUGHGOOD *vs.* E. D. CULLEN, Adm'r. of C. M. CULLEN, dec'd.

An executor cannot be charged as such for money had and received to plaintiff's use. Such a count cannot be joined with one on an account stated with an executor as such. The judgments are different.

DEMURRER. The declaration contained three counts. The first was special, and set out that whereas, heretofore, to wit: on, &c., at &c., the plaintiff recovered a judgment against C. M. Cullen in his life time for $1,315, which is still unsatisfied; that by virtue of sundry proceedings on said judgment, and sundry writs of execution particularly set out, the lands of the said C. M. C. had been sold, and a large amount of the proceeds applied to said judgment, to wit: $835; that defendant had been duly appointed administrator of said C. M. C., deceased; that assets had come to his hands as administrator applicable to said judgment, sufficient to satisfy the balance appearing due thereon, as appeared by the final administration account passed by the said E. D. C., before, &c., on, &c., and having such sum in his hands, so applicable, " he the said E. D. C., administrator as aforesaid, in consideration thereof undertook, and then and there faithfully promised the said plaintiffs to pay them the said last mentioned sum of money when he should be thereunto afterwards requested, &c.

The second count recited that " whereas also, the said E. D. C., *as administrator as aforesaid* afterwards," on, &c., at, &c. was indebted to the said plaintiffs in the further sum of $1,000, "for so much money by the said E. D. C., administrator as aforesaid, before that time had and received to and for the use of the said plaintiffs, and being so indebted, he the said E. D. C., administrator as aforesaid in consideration thereof," on, &c., promised payment whenever he the said E. D. C., as administrator as aforesaid, should be thereunto requested.

Third count. And whereas also, the said E. D. C., administrator as aforesaid afterwards on, &c., at, &c., " accounted with the said plaintiffs of and concerning divers other sums of money from the said E. D. C., administrator as aforesaid, to the said plaintiffs before that time due and owing, and then in arrear and unpaid, and upon such accounting the said E. D. C., as administrator as aforesaid, was then and there found to be in arrear and indebted to the said plaintiffs in the further sum of $1,000, of like lawful money, and

being so found in arrear and indebted he the said E. D. C., administrator as aforesaid, in consideration thereof promised, &c."

*By the Court.*—There is a misjoinder of causes of action. The first count seeks to charge defendant as administrator de bonis testatoris. The second count is on an indebtedness of the administrator personally, and not in respect of the estate, for though the expression is *money* had and received by him *as administrator*, he could not as administrator receive money for the use of the plaintiff, which would be a specific appropriation of it; whereas, all money coming into his hands *as administrator* belongs to the estate, and must go into the general administration of the estate. So of the third count. It alledges an account stated between plaintiff and defendant *as administrator*, but not in respect to the promises of the intestate, or the assets of the estate.

An executor cannot be charged as such for money had and receceived as executor to the use of plaintiff. Such a count is for a personal charge; plene administravit cannot be pleaded to it; the judgment must be de bonis propriis. (1 *H. Blac.* 108.) A count for money had and received as executor cannot be joined with a count on an account stated in *relation to assets* of the estate; because on this latter count the judgment will be de bonis testatoris. (14 *C. L. Rep.* 77; 3 *Harr. Rep.* 500; 2 *Saund. Rep.* 117, b.; 3 *Wend.* 244; 12 *Johns. Rep.* 349; *Chit. Cont.* 274-5; 14 *C. L. Rep.* 97; *Steph. N. P.* 235.)

The defendant had judgment on the demurrer.

*Cullen*, for demurrant.

*Wootten*, contra.