WORDEN and others, adm'rs of Reynolds, *vs* WORTHINGTON and others, adm'rs of Worthington.

A declaration against administrators, describing the plaintiffs *as administrators*, containing the common counts for goods sold and delivered by the plaintiffs and on an account stated, making a profert of the letters, and charging that the defendant's intestate, in his lifetime, was indebted *to the plaintiffs;* but not stating that the promises were made in the lifetime of the plaintiff's intestate, nor to him, nor even to the plaintiffs *as administrators*, is to be deemed a declaration by the plaintiffs in their *individual* and not in their *representative* character; although it concludes " to the damage of the said plaintiffs *as administrators*," &c.

Worden v. Worthington.

Where administrators declare in their individual, and not in their representative character, and the defendants plead non-assumpsit, and *actio non accrevit, infra sex annos,* to which the plaintiffs reply that their intestate died, and letters of administration were issued, within six years, and that so the promises were made within six years; the replication is bad on demurrer.

So where the plaintiffs declare in their representative character, if the declaration is upon promises to the plaintiffs *as administrators,* and for causes of action accruing since the death of their intestate, the fact that the intestate died within six years, furnishes no answer to a plea of the statute of limitations.

DEMURRERS to replications.   The declaration averred that the plaintiffs were administrators of Reynolds, and it contained the common counts for goods, wares, and merchandise, sold and delivered by the plaintiffs.   Same on a *quantum valebant.* Also, for money lent and advanced, and paid, laid out, and expended by plaintiffs for, and had and received to their use by, Worthington in his lifetime, and on an account stated.   All the counts charged that the defendant's intestate, in his lifetime, was indebted to the plaintiffs; and the count on an account stated alleged that he, in his lifetime, accounted with the plaintiffs for money due to them.   There was no allusion to any indebtedness to the plaintiff's intestate; except that the declaration, in the common breach, stated, that neither Worthington in his lifetime, nor his administrators since his death, had paid the plaintiffs; and both hitherto had refused, &c.; and added, "to the damage of said plaintiffs as administrators aforesaid of two thousand dollars, and therefore they bring suit, &c."   Profert of letters was added.   To this declaration the defendants pleaded, 1st. Non-assumpsit by the defendants, or their intestate; 2d. That neither the defendants nor their intestate had promised within six years before the commencement of the suit; 3d. *Actio non accrevit infra sex annos.* Replication to 2d plea, that Reynolds died on the 1st day of April, 1826, and letters of administration were not issued until the 1st day of August, 1844, and so the said Worthington, in his lifetime, and the said defendants, did promise within six years.   And to the 3d plea, the same facts in relation to the death of Reynolds, and the granting of letters, and so the cause of action did first accrue to the plaintiff within six years.

To these replications the defendants demurred specially, and the plaintiffs joined in demurrer.

*N. Hill, Jr.* in support of the demurren

*J. Holmes*, for the plaintiffs.

*By the Court*, HAND, J.   The grave question whether the time between the death of the intestate and the issuing of letters of administration, over that expressly excluded by the statute, shall be computed as time in which the statute of limitations runs, does not arise in this case.   It is very doubtful whether the action is brought in the representative character of the plaintiffs.   The declaration describes the plaintiffs as administrators of Reynolds, and makes profert of the letters ; but it does not state that the promises were made in his lifetime, nor to him, nor for an indebtedness to him, nor even to the plaintiffs as administrators.   There is nothing showing even, that the sums sought to be recovered, would be assets.   True, it adds, " to the damage of said plaintiffs *as administrators* aforesaid of, " &c.   But this cannot change the character of the material allegations.   Indeed, Tilghman, C. J., in *Martin* v. *Smith*, (5 *.Binn.* 21,) said the objection of the want of the words " as executor," in this clause, had no weight ; that it was usual to omit them.   I think this declaration may well be considered, from the weight of authorities, to be by the plaintiffs in their individual, and not in their representative character.   In *Henshall* v. *Roberts*, (5 *East.* 150,) the accounting was alleged to be with the said A. B., &c. " executor and executors, as aforesaid."   And Lord Ellenborough said, " it is the same as if it were said, 'A. B., &c. being executor,' &c. and is not an allegation of their suing *as such*, and we can supply nothing by intendment.   If it had been alleged that they sued as executrix, &c. that would have been enough to have raised the other question ;" which was as to joinder of counts.   (*And see* 1 *Ventr.* 119 ; 1 *T. R.* 487 ; 1 *Saund. Rep.* 112, *n.*)   A similar decision was made in *Christopher, administrator,* v.

*Stockholm,* (5 *Wend.* 36.)    The declaration in that case was precisely like this, unless perhaps in stating the damage ; and Mr. Justice Sutherland thought it did not allege any indebtedness or promise to the plaintiff in his representative character. *Reynolds* v. *Reynolds, administrator,* (3 *Wend.* 244,) was an action against administrators.    The difference between a suit by, and a suit against, an administrator, is, that if the money that may be recovered on all the counts will be assets, the plaintiff may declare in his representative character, (the form of the contract permitting,) and there will be no misjoinder. (*Bogert* v. *Hertell,* 4 *Hill,* 503, *and cases there cited by C. J. Nelson.*  1 *Chit.-Pl.* 253.)    But if against an administrator, counts on the promises of the intestate, and of the administrator on a consideration arising after the death of the intestate, cannot be joined ; for the judgments would not be the same. (*Myer* v. *Cole,* 12 *John.* 349.    *Demott* v. *Field,* 7 *Cowen,* 58. *Reynolds* v. *Reynolds, supra.*)    In this case of *Reynolds* v. *Reynolds,* a count on the indebtedness of the intestate was joined with one on an account stated by the defendant as administrator, with the plaintiff " of and concerning divers other sums of money from the said defendant *as administrator* as aforesaid to the said plaintiff before that time due and owing." Chief Justice Savage thought such accounting created a personal " liability," because it was not stated to be of and concerning *money due and owing to the plaintiff by the intestate in his lifetime.*    That it should have been alleged to have been *for the indebtedness of the intestate.*    Perhaps the chief justice did not give the same effect to the word "as" in this case, as some judges have done.    But the case shows the necessity of stating clearly that the demand is claimed by, or of, the party, in his representative capacity.    And all the approved forms of declaring allege an indebtedness to the intestate. (*Lev. Ent.* 1.    *Lill. Ent.* 50, 83 ; 2 *Chit. Pl.* 101 ;)    Even on promises, to the administrator, (2 *Chit. Pl.* 102 ;) except perhaps the count on an account stated, which states the accounting to be for moneys due and owing from the defendant to the plaintiff as administrator.    (2 *Ch. Pl.* 102.)    And even here,

it would seem, the old forms alleged an indebtedness to the intestate. (*Hurst* v. *Hurst, Lill. Ent.* 84.) But the form was probably changed on the authority of *Thompson* v. *Stent,* (1 *Taunt.* 322;) *Henshall* v. *Roberts,* (*supra ;*) *and King* v. *Thom,* (1 *T. R.* 487;) and because on an account stated, it is not necessary to set forth the subject matter of the original debt. (1 *Chitty's Pl.* 308. 2 *T. R.* 480.) And if the suit is against an administrator we see the effect of an account stated, in *Reynolds* v. *Reynolds.*

But had the declaration in this case stated that the goods were sold and the money lent, &c. to the defendants, (or their intestate,) by the plaintiffs *as administrators,* that alone would not be a counting upon promises made to the plaintiffs' intestate, but upon promises made to them in their representative character. In the language of Lord Ellenborough, the "promise is *made to them personally,* but connected with their character as administrators." (*Cowell* v. *Watts,* 6 *East,* 405.) Money may be lent, and property sold by administrators, belonging to the estate, and promises made to them therefor *as such.* In such cases they may sue *as administrators,* and recover; alleging the promises, &c. to be to them, *as* administrators. (*Cowell* v. *Watts ; Henshall* v. *Roberts ; and King* v. *Thom, supra.*) And these authorities show that they must declare upon the sales, &c. by &c., and the promises, &c. to the plaintiff "*as*" administrators. (*And see* 1 *Chit. Pl.* 23, *and note a.*) But declaring upon causes of action accruing in the lifetime of the intestate, is quite another matter. Then the promise is alleged to be made to the intestate in his lifetime. And on the statute of limitations pleaded to a count on promises to the testator, a replication of a promise to the executor within six years, was held to be a departure. (*Hickman et al., ex'rs,* v. *Walker, Willes,* 27. *And see Sarell* v. *Wine,* 3 *East,* 409; *Bailey, J. in Short* v. *McCarthy,* 3 *B. & Ald.* 631; *Jones* v. *Moore,* 5 *Binney,* 573.)

This view of this case leads to obvious results. If the declaration is not in the representative character of the plaintiffs, the replication of course is futile. And if we consider it as in

their representative character, still it is upon *promises to the administrators,* and for causes of action accruing since the death of the intestate, viz : goods sold and money lent, &c. to defendant's intestate, *by the plaintiffs.* Consequently, the facts replied furnish no answer to the pleas of the statute of limitations. It is immaterial when the intestate died, or when letters were issued, if the debt originated between the plaintiffs and the defendant's intestate. It is now well settled, that an executor may sue, as executor, for money or goods of his testator lent or sold, &c. after his decease, using proper allegations in the declaration. The cause set forth in the special demurrer is the true one, and must prevail.

Judgment must be for the defendants, with leave to the plaintiffs to amend, on the usual terms.

---

SAME TERM. *Paige, Willard, and Hand,* Justices.