## KENISTON v. LITTLE.

An execution which recites a judgment against B. K., administrator of the estate of J. K., and directs the officer to levy on the goods *of the said debtor*, runs against the proper estate of B. K., and not against the estate in his hands to be administered.

Under such an execution, the officer may justify a levy on the proper goods of the debtor.

If the court has jurisdiction, and the execution is regular upon its face, an officer may justify under it, however erroneous or irregular it may be.

An administrator is liable to an execution *de bonis propriis*, where he sues as administrator, upon a demand which arose after the death of his intestate, and upon which he might have sued in his own right.

Irregular and erroneous process is a justification until set aside or reversed.

THIS was an action of trespass for the taking of certain cattle of the plaintiff by the defendant. It was agreed that, at the time of the alleged takings, the defendant, Little, was a deputy sheriff for the county of Merrimack, and had in his hands, to be levied, an execution in favor of one A. Knowlton against Benjamin C. Kenniston, administrator of the estate of James M. Knowlton, as folfollows :

"STATE OF NEW HAMPSHIRE.

Merrimack, ss.

[L. S.]      To the sheriff of any county, or his deputy.

Whereas Asa Knowlton of Danbury, in our county of Grafton, yeoman, by the consideration of our justices of our court of common pleas, holden at Concord, in said county of Merrimack, on the fourth Tuesday of March, A. D. 1853, recovered judgment against Benjamin C. Keniston of Wilmot, in said county of Merrimack, administrator of the estate of James M. Knowlton, late of said Danbury, deceased, for costs taxed at fifty-three dollars and eighty-one-cents, as appears of record, whereof execution remains to be done :

We command you, therefore, that of the goods, chattels,

or lands of the said debtor in your precinct, you cause to be levied and paid to the said creditor the aforesaid sums, with lawful interest thereon, and seventeen cents more for this writ, and your own fees.

And make return of this writ, with your doings thereon to said court, to be holden at Concord, in said county, upon the second Tuesday of October next.

Witness, John J. Gilchrist, Esquire, the fourth day of April, A. D. 1853.

N. BUTLER, Clerk.

Judgment rendered April 1, 1853."

By virtue of this execution, the defendant seized and sold the cattle described in the plaintiff's writ in this suit.

It was agreed that if, in the opinion of the court, the defendant could not justify his acts by virtue of this execution under which he acted, judgment should be rendered for the plaintiff for an agreed sum and costs; otherwise judgment to be rendered for the defendant for costs.

*Butterfield & Hamlin*, for the plaintiff.

The points to be settled in this controversy are, first, what is the force and effect of the execution in this case ? Does it authorize a seizure of the goods and estate of the administrator, which he held in that capacity simply, or does it extend to his own proper goods ? Secondly, if by its terms it extends to the proper goods of the administrator, is it void or not ?

1.  An administrator is not liable, personally, for costs incurred in the attempt to collect demands due his intestate. *Collins* v. *Hoxie*, 9 Paige 81 ; 11 Johns. 903 ; *Pilsbury* v. *Hubbard*, 10 N. H. Rep. 224 ; Comp. Stat. 410, § 12.

2.  Before execution can issue against him personally, a *scire facias* should issue against him, and he should have an opportunity to be heard. *Pilsbury* v. *Hubbard*, before cited. It is a new proceeding. Comp. Stat. 419, § 13 ;

*Ward* v. *Robinson*, 8 Johns. 91 ; *Fenton* v. *Garlick*, 8 Johns. 197.

3.　Unless jurisdiction over the person of the administrator is obtained by this process, or notice in some form, an execution against him, personally, is void for want of jurisdiction.　*State* v. *Richmond*, 6 Foster's Rep. 241, and cases cited.　*Merrill* v. *Haines*, 6 Foster's Rep. 147 ; *Bigelow* v. *Stearns*, 19 Johns. 39, and cases there cited.　*Borden* v. *Fitch*, 15 Johns. 141.

4.　The taking out of an execution is the act of the party in whose favor it was, and he must take out a correct execution at his peril.

5.　The distinction between goods or estate, held by an administrator as such, and his own proper goods, is too familiar to require the citation of authorities.

6.　The proper form of an execution running against an administrator, personally, commands the seizure of the proper goods.　If this command be omitted, there is no authority to seize them.　See cases cited in *Pilsbury* v. *Hubbard*.

7.　The entry of judgment, in this case, is agreeable to the settled practice in this State, and is correct.　3 N. H. Rep. 279.　And we understand the court to say, in *Pilsbury* v. *Hubbard*, that the force of an entry of judgment against an administrator as such, is the same as that of an entry of judgment against the goods of the intestate in the hands of the administrator.　Why should not the same construction apply to an execution reciting such judgment.　" The aforesaid debtor," whose goods are commanded to be seized in the execution in question, is the administrator as such.

8.　The addition of administrator, &c., in this execution, cannot be regarded as a mere *descriptio personæ*.　It is to be so regarded in those cases only where the administrator unnecessarily so describes himself.　That is not this case. 11 Johns. 403 ; 7 D. & E. 359.

9.　If this execution is to be construed as running against the administrator's proper estate, it would be such an execu-

tion, as the court had not authority to issue, under the circumstances of this case. Comp. Stat. 410, §§ 12, 13, and comments upon similar statute in *Pilsbury* v. *Hubbard.*

*N. B. Bryant,* for the defendant.

A judgment is conclusive between the parties until reversed, and cannot be attacked collaterally, though erroneous in fact. *McNeil* v. *Bright,* 4 Mass. Rep. 286; *Gridley* v. *Harradon,* 14 Mass. Rep. 498.

The judgment of a justice of the peace, when he has jurisdiction, though erroneous, is binding on the parties. *Tarbox* v. *Hayes,* 6 Watts 398, (2 U. S. Dig. 647.)

The judgment, in this case, being rendered by a court of competent jurisdiction, and the process regular under which the defendant made the levy, he is to be protected by the process, and the only remedy, if any, for the plaintiff, is a writ of error. *Smith* v. *Saxton,* 6 Pick. 484, and cases there cited; 1 Stark. Ev. 253.

The law is well settled in this State, that where the court has jurisdiction of the cause and of the parties, and proceeds erroneously, the judgment is binding until it is vacated or reversed. *Smith* v. *Knowlton,* 11 N. H. Rep. 198, and cases cited.

BELL, J. The defendant, a deputy sheriff, took certain chattels, property of the plaintiff, upon an execution in favor of Knowlton against him, and sold them, and applied the proceeds in discharge of the execution. The plaintiff brings against the officer an action of trespass, and the question is, if the latter can justify himself under this execution.

And first, it is said, in behalf of the plaintiff, that the judgment recited in the execution being " against Benjamin C. Keniston of, &c., administrator of the estate of James M. Knowlton, late of, &c., deceased," is a judgment against the plaintiff, in his capacity of administrator, and the precept to cause the sum recovered " to be levied of the goods,

chattels, or lands of the said debtor," is limited to the goods, chattels or lands of the debtor, as administrator of Knowlton. If this view is correct, then it is clear that the officer cannot justify a levy upon the private estate of the administrator, because his precept gave him no authority to levy upon any thing but the estate of the intestate.

At common law, the judgment *de bonis testatoris* is rendered " that the said John recover against the said Jane, executrix as aforesaid, —— pounds, &c., to be levied of the goods and chattels, which were of the said J. D., deceased, at the time of his death, in the hands of said Jane to be administered." 5 Went. Pl. 414; Imp. P. C. P. 483; 4 Lill. Ent. 475, 478, 504 ; 10 Went. Pl. 458 ; *Piper* v. *Goodwin,* 23 Maine Rep. (10 Shep.) 255; *Atkins* v. *Sawyer,* 1 Pick. 353 ; *Merritt* v. *Seaman,* 2 Seld. 170.

A similar form of entry is used in case of a judgment against an heir. 2 Lill. Ent. 504.

And a like form was adopted in the case of a judgment to be levied upon property attached, where a subsequent bankruptcy had been pleaded. *Kittridge* v. *Warren,* 14 N. H. Rep. 509.

By the case of *Pilsbury* v. *Hubbard,* 10 N. H. Rep. 224, it appears that such has been the practice in this State, and though a loose and negligent practice had sprung up in one or two counties, of rendering the judgment against the executor or administrator generally, yet the learned chief justice declares the practice to be unfounded and without authority.

The writ of execution should recite the judgment as " to be levied of the goods, &c., of the deceased," and the precept should be to levy on the goods, &c., of the deceased. 2 Lill. En. 584, 586 ; 10 Went. Pl. 321, 322.

Though a plaintiff is described as executor or administrator, yet if it is not alleged that the promises were made in the lifetime of the testator, or were made to him, or were made to the plaintiff as administrator, the action will be re-

garded as brought in his individual, and not in a representative character. *Worden* v. *Worthington*, 2 Barb. 368 ; *Henshall* v. *Roberts*, 5 East 150 ; *Christopher* v. *Storkholm*, 5 Wend. 36 ; 1 Chit. Pl. 151.

In *Merritt* v. *Seaman*, 2 Seld. 168, the declaration commences : C. M., executor, &c. of J. S., deceased, complains, &c., without any other indication that the suit was brought by him in a representative character, and judgment was rendered against the plaintiff, upon a set-off, " to be levied of the goods of the testator, in his hands to be administered," and it was held that this mode of describing the plaintiff as executor, was to be regarded as merely a *descriptio personæ*, in no respect changing the rights of the parties, and that the action being brought in the plaintiff's individual character, a judgment against him in a representative character was erroneous.

We, therefore, regard this execution as running against the plaintiff, in his individual character, and his own goods and estate were liable to be levied upon under it.

The principle is settled that a sheriff has nothing to do with the propriety of the process under which he acts, provided the court has jurisdiction, and the process is regular upon its face. *State* v. *Weed*, 1 Foster's Rep. 262.

The jurisdiction of the court of common pleas to issue an execution for costs is not denied. But it is contended that an execution for costs against an administrator, should run not against the goods of the administrator himself, but against the goods of the deceased, in his hands to be administered. If this is a proposition universally true and without any exception, it might furnish ground for an argument that the execution must have been issued, in this case, either erroneously or irregularly. If otherwise, if there is any case, in which an execution may properly issue against the proper goods of an administrator, then the execution here is well enough, so far as the officer is concerned. He is not bound to look beyond the face of the execution, and if there is

nothing there which shows it to have issued improperly, he is not bound to inquire further.

The case of *Pilsbury* v. *Hubbard*, before cited, is a direct authority that where the cause of action is alleged to have arisen after the death of the testator or intestate, and the executor or administrator might sue in his own right, without describing himself as such, judgment may well be entered against him *de bonis propriis*, the allegation that he was executor or administrator being considered in such case as a *descriptio personæ*.

So that upon the face of the execution there was nothing that indicated any error or irregularity.

If the process here did issue either erroneously or irregularly, the court having jurisdiction, it is not void, but is at most voidable. If erroneous, a party even may justify under it, whatever was done by virtue of it while it was in force; and if irregular, it is a justification for the party till set aside. Much more must it be so in the case of an officer. See *Blanchard* v. *Goss*, 2 N. H. Rep. 491, where this subject is ably discussed by *Richardson*, C. J.

*Judgment for the defendant.*