JOHN L. BEERS, EXECUTOR, ETC., OF JOHN BEERS, DECEASED, RESPONDENT, *v.* MARK SHANNON, IMPLEADED WITH ROBERT L. SHANNON, APPELLANT.

*Action by executor — how entitled — Bond to pay incumbrances — interest on penalty recoverable upon.*

Where a complaint is entitled " John L. Beers, executor of the last will and testament of John Beers," the death of the testator and the appointment of the plaintiff being alleged therein, and it appearing from the whole structure thereof that the action is brought by the plaintiff, in his representative capacity, to recover assets of the estate, he may maintain the action as such representative, even though the word " as " be omitted before the word executor in the title of the action.

In December, 1852, the defendant, R. L. Shannon, sold to the plaintiff's testator certain land, agreeing to discharge all liens thereon. In December, 1853, the said R. L. Shannon, together with the defendant Mark Shannon, executed a bond, in the penal sum of $500, reciting the sale and the agreement to discharge all liens, specifying, among others, a mortgage, and conditioned that if they should, within two years from the date thereof, cause all liens and incumbrances which were on said premises December 25, 1852, including said mortgage, to be duly discharged of record, and should fully indemnify and save the said Beers harmless from all costs, damages, charges and trouble which he might sustain on account of the same, then the obligation to be void, otherwise to remain in full force and effect. The mortgage was not paid before April, 1874, at which time it was foreclosed. In an action by the plaintiff on the bond, *held*, that he was entitled to recover the penalty of the bond, with interest thereon from the expiration of two years from the date thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The complaint is entitled " John L. Beers, executor of the last will and testament of John Beers, deceased, against Robert L. Shannon and Mark Shannon," and alleges that the testator, late of Cameron county, Pennsylvania, in March, 1873, duly made his last will, appointing plaintiff sole executor; that after his death, and in April, 1873, said will was duly proved in said county, and letters testamentary issued to plaintiff, which are still in force; that said deceased having left assets in Yates county, in this State, the plaintiff caused said will to be duly proved there in June, 1875; and in December, 1875, letters testamentary were duly issued to plaintiff by the surrogate of Yates county, which are still in force, and that

by reason thereof plaintiff has full power and authority to administer the goods, etc., left by deceased in said county ; that, on the 25th December, 1852, defendant R. L. Shannon sold and conveyed to said deceased certain nineteen and one-half acres of land in Yates county for consideration of $950, and agreed to discharge the premises from the lien of a certain mortgage then existing thereon, and held by a New York trust company, and from all the incumbrances on the lands, and to indemnify the deceased against all costs, damages, charges or trouble by reason thereof ; that, afterwards, on December 24, 1853, in fulfillment of said agreement, both defendants executed to said John Beers a bond in the penal sum of $500, dated December 24, 1853, reciting the purchase by Beers, the agreement to discharge the mortgage specified, being for $1,000 and interest, and closed with the following condition : "Now, in consideration of the said sale and conveyance, and of the said agreement so made by said Robert L. Shannon to and with said Beers, as well as in consideration of one dollar to the said Robert L. Shannon and the said Mark Shannon duly paid, the condition of this obligation is such that if the said Robert L. Shannon shall, within two years from the date hereof, cause all liens and incumbrances which were on said premises on said 25th day of December, 1852, including the said mortgage, to be duly discharged of record, and shall fully indemnify and save the said Beers harmless from all costs, damages, charges and trouble which he may sustain on account of the same, then this obligation to be void ; otherwise, to remain in full force and virtue ;" that said mortgage was not discharged, but was foreclosed, and the premises in question sold thereunder in April, 1874, and plaintiff compelled to pay by reason thereof for mortgage, costs and expenses, $1,000, for which plaintiff demanded judgment. The defendant Mark Shannon duly answered, setting up a general denial, the statute of limitations, and that deceased left no assets in Yates county, and the surrogate of that county had no jurisdiction to grant letters.

Upon the trial the plaintiff offered in evidence the probate of the will in Cameron county, and letters testamentary there issued to plaintiff, and also the letters issued by the surrogate of Yates county, reciting that testator left assets in Yates county. Defendant objected, that plaintiff does not sue in his representative capacity,

and also that the surrogate of Yates county had no jurisdiction to issue letters. These objections were overruled and exceptions taken.

The plaintiff showed that the bond in suit was in Yates county at the time of the death of the deceased. It was also shown that the mortgage referred to in the bond had not been discharged, but was foreclosed, and the premises sold thereunder in May, 1874.

No evidence was given of payment in fact by plaintiff. The court held that plaintiff could recover the amount of the bond and interest from December 24, 1855, amounting to $1,216.43. The plaintiff entered judgment for $1,000, as claimed in the complaint, remitting the balance.

*D. B. Prosser*, for the appellant. The utmost the plaintiff could recover under any circumstances, under the proof as against the defendant Mark Shannon, is the $500 named in the penalty. It is well settled that when the condition of the bond is one of indemnity, or for the performance of covenants, the recovery cannot exceed the penalty. (*Clark* v. *Bush*, 3 Cowen, 151; *Rayner* v. *Clark*, 7 Barb., 581; *Mower* v. *Kip*, 7 Paige, 88; *Long* v. *Clark*, 8 N. Y., 148.) All the authorities agree that the liability of the surety cannot be extended beyond the penalty. (*Rayner* v. *Clark*, 7 Barb., 581; *Clark et al.* v. *Bush, impleaded, etc.*, 3 Cowen, 151; *Mower* v. *Kip*, 6 Paige, 88.)

*W. S. Briggs*, for the respondent.

MERWIN, J. :

The appellant claims the plaintiff cannot maintain this action, because he does not sue in his representative capacity. The point is based on the fact that the word " as " is not inserted in the title of the action before the word " executor."

In the cases cited to sustain this proposition (*Merritt* v. *Seaman*, 6 N. Y., 168; *Sheldon* v. *Hoy*, 11 How., 11; *Worden* v. *Worthington*, 2 Barb., 368), the complaints were considerably different from the present one. In the 6th New York, a cause of action on a note was set out without reference to plaintiff's representative character, the promises were all laid to the plaintiff individually and no allegation of his appointment. In the case in 11 Howard, the action was

in trover, and there was no allegation of appointment or that the plaintiff sued in his representative capacity. In the case in Barbour, the action was on the common counts for goods, etc., and the promises were all alleged as being to the plaintiffs, and there was nothing showing a debt or promise to the intestate. In the present case the action is based and alleged on promises to the testator, the appointment of plaintiff is in issue, the recovery is assets, the structure of the complaint shows the suit is in plaintiff's representative capacity, the finding of the court is that the plaintiff as executor had competent authority to bring the action and that he is entitled to recover. In 1 Chitty on Pleading, 315 [ed. of 1837], it is said the representative character of assignees and executors should be stated in the commencement, though it would suffice if it appeared in the other parts of the declaration. (See, also, 1 Chitty Pl., 284.) That I think is this case. The defect, if any, was a formal one, and the title should be deemed amended according to the allegations and the proof.

It is further claimed the surrogate had no jurisdiction to grant the letters. The surrogate having passed upon the question of there being assets in the county, it is at least doubtful whether that question can be reviewed in a collateral proceeding. (*Roderigas* v. *East River Savings Institution*, 63 N. Y., 460.) The letters were certainly *prima facie* evidence. (*Belden* v. *Meeker*, 47 N. Y., 307.) And there is no finding of fact to the contrary, or request to find. There was in fact no evidence to rebut the presumption in their favor, but such as tended to sustain it. The letters were properly received in evidence.

The appellant further claims the court erred in finding that the land described in the complaint was sold under the foreclosure. The answer to this is that there is no exception to this finding. Besides, the concession in the case was undoubtedly intended to go just as far as the finding goes.

In construing the bond, the court below held the plaintiff could recover the amount of the penalty with interest from the time of the breach, being the expiration of the two years named in the bond as the time within which the liens should be discharged.

In *Juliand* v. *Burgott* (11 Johns., 478) the condition was " to see the lands freed from all incumbrances by the 20th day of February,

1812." No eviction was alleged, and on demurrer it was held not necessary. This is quite analogous to the present case, and nothing is cited to the contrary in this State. It was held different in *Bradford's Admrs.* v. *Whitesides* (16 S. & R., 320), in 1827. It will be seen that the condition of bond in suit contains an absolute and definite provision, that if the obligors shall within a fixed time cause all liens, including a specified mortgage to be discharged, and in addition thereto should indemnify, etc., then to be void, otherwise to remain in force. This, as far as the main part of the condition is concerned, is substantially an agreement to do a particular thing by a fixed time or pay a certain sum of money.

Time is an essential of such a contract, and it cannot be thrown aside by construction, which would be the case if it were held to be only a bond of indemnity.

I am inclined to follow the case of *Juliand* v. *Burgott*, and treat the bond as for the payment of money in case of breach. If so, it would follow within the cases of *Lyon* v. *Clark* (8 N. Y., 148) and *Brainard* v. *Jones* (18 N. Y.; 35) that interest would be allowable from the time of the breach.

It follows the judgment should be affirmed.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.