Bradley, J.
The action is brought upon two promissory notes made by the defendant Jewett payable to the order of A. J. Packard and by the latter indorsed “Pay Wicks Bros. & Co., or order,” with his signature subscribed. The referee found that the plaintiffs were partners, doing business at Youngstown, Ohio, in the firm name of Wicks Brothers & Co., that the notes were made by Jewett, and were by the payee indorsed and delivered to the plaintiffs, who became the owners of them, and directed judgment against the defendant for the amount due on the notes. The objections taken upon the trial and urged here, are founded mainly upon the fact that two of the plaintiffs in the title of the action in the complaint are represented as suing in the capacity of executors, and it is contended that although there is no allegation in the complaint that they are such, or that the cause of action accrued to them in a representative capacity, they can have no relation to the action other than such, because they appear to have become plaintiffs as such only. And no cause of action in their behalf as executors being alleged in the complaint it should have been dismissed upon the defendant’s motion.
The complaint alleges that the plaintiffs are partners and that the cause of action accrued to them as such. And the *478 facts appearing upon the trial and found by the referee are in conformity with such allegations. If the mere title of' executors, etc., had been added to the names of the plaintiffs it would necessarily be treated as descriptive merely of the persons, but it is urged that such effect cannot be given to those words in this case, because the use of the word. “ as ” distinctly qualifies and fixes their relation to the action as that of representatives, and as such only they must be treated for the purposes of this action.
, We think they are not concluded by the form given to the title of the action, but their rights may rest upon the cause' of action as alleged in the complaint, which as there presented and as proved is none other than in behalf of the plaintiffs as individuals. And the words used expressing their situation as executors, in view of the allegations of the complaint, may be treated as descriptive of the persons-rather than restrictive in their effect upon the relation of those plaintiffs to the action and their right of recovery. Anri this has the support of authority. Murray v. Church, 1 Hun, 49; affirmed. 58 N Y., 621; Worden v. Worthington, 2 Barb., 368.
By the title of the action, the two plaintiffs appear to' have come into court as the personal representatives of a. deceased person, and by the allegations of the complaint they clearly appear not to be prosecuting the action in such representative capacity, but in their individual right only. They allege a cause that accrued to the plaintiffs as the firm of Wicks Brothers & Co. This situation appearing upon the face of the complaint,.the question may properly have been raised without answer, and if deemed necessary an amendment would have been directed. At most it was a mere formal error and may be disregarded after issue upon the trial and on review. Bank of Havana v. Magee, 20 N. Y., 355.
In the cited case of Austin v. Munro (47 N. Y., 360), it not only appeared in the title that the defendants were sued as executors, but the complaint alleged that they were such, and the cause of action was set forth as one that arose.' against their testator, and no cause of action was alleged other than against them in their representative character. And for that reason it was properly held that recovery could be had against them only as such. That case does not support the defendant’s contention here. The evidence offered and received of a will purporting to have been made by H. B. Wick, and probated in Ohio, had no importance and could not have prejudiced the defendant. For the purposes-of this action it could not establish, defeat or diminish any rights of the plaintiffs. There seems to have been no error *479 to the prejudice of the defendant. None of the exceptions are well taken.
The judgment should be affirmed.
Smith, P. J., and Haight, J,, concur.