*346 OPINION of the Court, by
Ch. J. Boy±é.-
This action was brought upon a note given by James Baker to John Baker and William Cook, executors of Martin Baker, deceased. The defendant pleaded in abatement of the action, that he was appointed by the last will of Martin Baker, deceased, an executor with the plaintiffs, and that he, together with them, had qualified as an executor.
To this plea the plaintiffs demurred, and on the demurrer judgment was given that the defendant should answer over. He then filed a plea in bar, in substance alleging that Martin Baker, deceased, by his last will devised to him a tract of land, and that the plaintiffs represented to him that the said tract of land was held under the title of Martin Baker, deceased, and that he had right thereto; and that the said defendant, confiding in the representations of said plaintiffs, in part consideration thereof executed the note, when in fact the said Martin Baker, deceased, had in his lifetime no valid title to said land in law or equity ; so that the consideration of said note had wholly failed.
*347 To tills plea the plaintiffs also demurred, and the demurrer being sustained, final judgment was given for them. The defendant afterwards made sundry motions in succession to set aside the judgment, and permit him to file other pleas, which he tendered in lieu of the one which had been adjudged insufficient; but the court overruled his motions, and he has appealed to this court,
There can be no doubt that the demurrer to the first plea was correctly sustained. Though the plaintiffs are styled executors, in the note upon which the action is founded, yet it is plain that can only operate as a descrip-tio personarum ; for as the note was given to them, and not to their testator, they could only maintain the action in their right, and not in that of their testator; and consequently a plea that there was another executor, not joined with them in the action, could not abate the Suit.
That the second plea was insufficient to bar the plaintiffs of their action, we apprehend, is equally clear, There is no allegation in the plea that the plaintiffs warranted the title. We cannot, therefore, infer that they were bound by their contract to respond in case of a defect in the title; and although it is alleged that they represented the testator’s right to be good, yet it is not averred that they knew it to be otherwise, and without such knowledge they could not be made responsible on the score of" fraud.
With respect to the motions made to set aside the judgment and file other pleas, it is sufficient to remark, that in the attitude in which the cause stood, it was not a matter of course and of right to set aside the judgment and file those pleas ; and in this case there is no cause shewn why it should have been done. We cannot, therefore, say that the court erred in overruling those ,motions.
Judgment affirmed, with costs and damages.