NEW-YORK,
May, 1830.

Christopher
v.
Stockholm.

---

CHRISTOPHER, administrator, &c. *vs.* STOCKHOLM.

A declaration by a plaintiff, *as administrator*, containing counts for goods sold, work done, and the common money counts, without stating any *indebtedness to the intestate*, or referring to the plaintiff, *in his representative character* in any subsequent part of the declaration, except in a *profert* of letters of administration, is bad on demurrer.

DEMURRER to declaration. The declaration, after commencing in these words, "Joshua Christopher, *administrator* of all and singular the goods, chattels and credits which were of James M. Christopher, deceased, at the time of his death, who died intestate, plaintiff in this suit, complains of Abraham B. Stockholm, defendant in this suit, in custody," &c. proceeds to state for that whereas the defendant on, &c. at, &c. was indebted *to the plaintiff* in the sum of $400 for divers goods, &c. *by the said plaintiff* before that time sold and delivered &c. promised *the said plaintiff* to pay him, &c. There were also other counts for work and labor *of the said plaintiff*, and materials found by *him*, for money lent and advanced, and paid, laid out and expended by *him*, and for money had and received by the defendant for the use of *the said plaintiff*, and an account stated of monies due and owing to *the said*

*plaintiff;* and in each count the promise is laid as made to the plaintiff, *without reference to his representative character,* and in neither of the counts is *an indebtedness to the intestate* stated. It concludes, however, with a *profert* of letters of administration. The defendant demurs, and assigns as special cause of demurrer the *profert* of letters of administration.

*J. V. N. Yates,* for the defendant. The plaintiff sues in his representative character, as is manifest from the commencement of his declaration and the *profert* of the letters of administration, and yet states no indebtedness to the intestate. If it be considered a declaration in his own right, then the *profert* is surplusage, and the special demurrer reaches the case. If any of the counts can by possibility be considered as a claim in his representative character, the count for *work done* cannot be so considered ; and if so, the declaration is bad for a mis-joinder of causes of action in distinct and separate rights.

*J. Edwards,* for plaintiff. The plaintiff sues *as administrator,* the promises are laid to him *as the said plaintiff;* by adding the words *administrator as aforesaid,* the difficulty is removed. By a liberal construction, the court will consider these latter words as supplied. The objection of the defendant is formal, and the test is, could the plaintiff, under this declaration, give in evidence a debt due to himself? If correct in these views, there is no mis-joinder of counts, nor can there be an objection to the *profert.* In *Stanley* v. *Chappell,* 8 *Cowen,* 235, it is decided that when a plaintiff declares in a special character, beginning his declaration by shewing his character, he may, in all the subsequent parts of his declaration, refer to himself *as the said plaintiff,* without adding his special character.

*By the Court,* SUTHERLAND, J. The counsel for the plaintiff defends his declaration distinctly on the ground that it is throughout a declaration in the representative character of the plaintiff as administrator, and that the causes of action which it sets forth appear with sufficient certainty to have accrued to him in that character.

NEW-YORK,
May, 1830.

Christopher
v.
Stockholm.

The declaration *commences as follows :* "Joshua Christopher, administrator of all and singular the goods and chattels of James M. Christopher, deceased, who died intestate, at the time of his death, plaintiff in this suit, &c." and then throughout the declaration there is no farther allusion to his representative character ; but he is spoken of in all the counts simply as *the said plaintiff.* At the end of the declaration, a *profert* is made of the letters of administration. Now the *second count* is for the work and labor, care and diligence of the said plaintiff, done, performed and bestowed in and about the business of the defendant. This was a cause of action belonging to him in his private and individual, not his representative capacity. He could not, as administrator of another, have labored or performed any personal services for the defendant ; and it could not be joined with a cause of action accruing or belonging to him as administrator. Admitting the other counts to state, with sufficient certainty, that the causes of action and promises contained in them arose and were made to the plaintiff as administrator, then the second count is improperly joined with them, and the declaration is bad on that ground upon general demurrer. 1 *Chitty's Pl.* 185, 6, *ed. of* 1828, *and cases there cited.* 12 *Johns. R.* 349. 8 *id.* 440. 2 *Bos. & Pull.* 424. 4 *T. R.* 347. 7 *Cowen,* 58. 3 *Wendell,* 245. If it should be contended that the declaration is throughout in the individual character of the plaintiff, then the special cause of demurrer is well taken, as the profert of the letters of administration would in that case be surplusage. But I am inclined to think that all the counts are bad, and that they cannot be construed as alleging any indebtedness or promise to the plaintiff in his representative capacity. This case is distinguishable from that of *Stanley* v. *Chappell,* 8 *Cowen,* 237. Besides, that case was decided on another ground, and what was said upon this point was not called for.

*Judgment for defendant on demurrer, with leave to plaintiff to amend.*