WATKINS, Adm'r of BYRD, *against* McDONALD, and others.

**ERROR** *to Pulaski Circuit Court.*

Where an administrator sues upon a cause of action belonging to him in his represen-
tative character, if the declaration commences, " A. B. administrator, &c., com-
plains, &c., of a plea that they render unto *him* the sum; and the breach alleges no
refusal to pay him *as* administrator, he cannot be considered as suing in his repre-
sentative character.

As in such case the plaintiff does not show that he sues in his representative character,
either in stating the cause of action, or in the breach, it is bad on demurrer.

In such case, on demurrer sustained, a judgment for costs, *de bonis propriis*, is proper.

This was an action of debt, upon a note executed to Ann L.
B. Byrd, in her life time. The declaration commenced as follows:
" Robert A. Watkins, of said county of Pulaski, administrator of all
and singular the goods and chattels, rights and credits which were of
Ann L. B. Byrd, late of said county, deceased, at the time of her
death, who died intestate, plaintiff in this suit complains," &c., in the
*detinet* alone. It then set out the note. The breach then negatives
its payment either to " Ann L. B. Byrd in her lifetime, or to the said
plaintiff," &c., setting out the grant of administration,) and concludes
with averring the refusal to pay to the said plaintiff, administrator as
aforesaid, to the damages of the said plaintiff as administrator as afore-
said, &c.

To this declaration a demurrer was sustained, and the plaintiff fail-
ing to file a sufficient declaration, the suit was dismissed.

The same state of case existed, and the same decision in both
courts was given, in the case of *Watkins, adm'r., vs. Inglish and
others.*

ASHLEY and WATKINS, for plaintiff in error:

We claim this suit to have been correctly brought by Robert A.
Watkins, as administrator of the estate of Ann L. B. Byrd, deceased,
against the defendants in error, and that it appears from the declara-
tion that he sued in that capacity. The suit was brought upon a
writing obligatory, made by the defendants in error, to the plaintiff's

intestate in her lifetime. The declaration is in exact conformity with the most approved precedents in *Chitty's Pleadings, Harris' Entries,* and other books of forms and entries. 2 *Chitty's Plead.* 109, 140; *Harris' Mod. En.* 553, 567. The commencement of the declaration is in the *detinet,* and not in the *debet* and *detinet.* The plaintiff then sets out the making of the writing obligatory, by the defendants, to his intestate in her lifetime, coupled with the allegations of the grant of letters to him, and concludes with the breach, that they have not paid the money either to his intestate in her lifetime, to the plaintiff since her decease, to the damages of the plaintiff as administrator as aforesaid, and therefore he brings his suit, &c., and a manifest of his letters.

The decision of this court in the case of *Brown Exe. of Phillips vs. Hicks Adm'r of Phillips,* 1 *Ark. Rep.* 232, that an executor, administrator, assignee, or the like, who sues in his representative character, in order to do so, must aver that he sues as executor, or as administrator, or as assignee, and that nothing by intendment can supply that allegation, and which is made upon authority, is not applicable to this case. By reference to that case, and all the cases there cited in support of it, it will be perceived that they were actions brought by executors or administrators, upon promises alleged to be made to themselves, whereas in the case now before the court, the action is founded upon a contract made with the decedent; and it appears from the body and substance of the declaration, that the plaintiff sues as administrator in his representative capacity, because by law, he could not in such case, sue in his individual right. So that although it be law that "An executor or administrator should describe himself as suing in that character, and in stating the *debt* and *promise* to *him,* the words executor or administrator should be inserted, or the omission will be fatal even after verdict," 2 *Leigh's Nisi Prius* 997; 1 *Saund.* 112; *Henshall vs. Roberts,* 5 *East* 150: Yet, "the rule is, that when the action is on a contract with the decedent, or for a tort to the goods, before they have actually come to the executor's possession, it can be maintained by him only on the decedent's title, and consequently only in a representative character; but where it is on a contract express or implied, which has sprung up or been created since the decedent's death, or for a tort to the goods in the executor's pos-

Watkins Adm'r of Byrd *against,* McDonald, and others.

session, or for converting or detaining them, having escaped from his possession, or for the price of them having been sold by him, it can be maintained by him only in his own right, and the naming himself. executor, will not change its nature." *Leigh Nisi Prius* 999, *Note* 1; *Kline vs. Guthart* 2 *Pen. Rep.* 491; *Kendall vs. Lee*, 2 *Pen. Rep.* 485; *Boggs vs. Bard*, 2 *Rawle* 102; *Adams vs. Campbell*, 2 *Vermont Rep.* 447; *Stiles vs. Couster*, 2 *Gill & John.* 49; *Turner vs. S. Cowden, ib.* 455; *Lassaer vs. Walker* 5, *ib.* 102.

It seems then, that where an executor or administrator sues upon a contract or promise made to his testator or intestate, if the contract be correctly described, and his right to demand the debt set forth, it necessarily appears that he sues in his representative capacity, *without* using the technical phraseology *as administrator, or as executor,* and in the precedents before referred to in Harris' Entries, those expressions no where occur.

But it is difficult to bring under any certain general rule, the cases where an executor or administrator is bound to sue as such, and aver his representative character. According to the cases decided, where a contract or promise is expressly made to an executor or administrator, as such, he should sue upon it as executor or administrator, and no more. *Henshall vs. Roberts,* 5 *East.* 150; 1 *Chitty Pl.* 204. But on the other hand it is held, that when a promisary note or bond is given to one, as executor or as administrator, though given to him as expressly such, he must declare on such a bond or note, in his own name; and so strong is this rule, that the executor or administrator cannot join a count on such note or bond made to him *as* executor or administrator, to a count in a promise or debt due to his testator or intestate; and the reason given is, that the taking the bond or note, would extinguish the original debt, and it would not when recovered be assets. So money also received to the use of an executor, after the death of the testator, gives a different cause of action to the executor, from that which accrued to the testator, by the receipt of the money in his lifetime. In the latter case, the executor must necessarily sue as such, and is not liable for costs, if he fails in the action; but in the former case he would not sue as executor, but may bring the action in his own name, and if he does sue as executor, he is liable for costs, as

Watkins Adm'r of Byrd *against* McDonald, and others.

any other person is.   1 *Ld. Raym.* 437, *Nicholas vs. Killegrew*; 2 *Ld. Raym.* 1215, *Willis vs. Lewis*; 2 *T. R.* 447, *Smith vs. Barrow*; 2 *Saund. Rep.* 117 *c.*, 117 *d*; 10 *Mod.* 316, *Betts vs. Mitchell*; 3 *Bos. and Pul.* 7, *Hosier vs. Ld. Arundel;* 1 *Pen. Rep.* 167; 10 *Pick.* 154; 8 *Wend.* 305.

In regard to this case of *Brown vs. Hichs*, in view of the foregoing; *quere*, if the slave mentioned in the declaration had been taken or detained from Hicks' intestate, and had never come to his possession as administrator, clearly he should have sued *as* administrator, and so averred; but if the slave had come into his possession as administrator, and subsequently taken or detained from him, he would not only have had the right to sue for the slave in his individual character, but it would have been improper for him to have sued in his representative capacity; and an averment that he did sue in his representative capacity would not make it so, or exempt him from the payment of costs *de bonis propriis*, if he failed in the suit.   As to the case now before the court, we argue that, from all the authorities and precedents, the declaration is sufficient in the particular for which it was demurred to; that it appears from the whole declaration, that the plaintiff sued in his representative capacity, upon a bond made to his decedent, and that, in any event, the literal allegation *that he does so sue*, appears upon the declaration, and if it did not so appear, such literal and technical allegation is only necessary in the small class of cases, of suits brought upon contracts or promises made to the executor or administrator as such; and in such case if the contract or promise be a bond, note, or " instrument in writing," the person who is executor or administrator, must sue as an individual; so also, he would sue as an individual for torts *to*, or the taking or detaining the personal property of his decedent, after the same had once come into his possession.   But we apprehend the judgment in this case will be reversed, on account of the error in dismissing the suit in the court below, instead of entering judgment against the demurrer.   It is also a ground of reversal, that the court below gave judgment against the plaintiff for the costs of suit.

The court below by its decision of the demurrer, declared that the plaintiff had sued as an individual upon an obligation made to his in-

testate, and the inference is, that the judgment is against him *de bonis propriis.*

TRAPNALL and COCKE, *Contra:*

This demurrer the court very properly sustained, in obedience to the decision of the Supreme Court, in the case of *Brown vs. Hicks,* 1 *Ark. Rep.* 232. As all the authorities were carefully examined and reviewed by this court, in that case, it is not necessary here to refer to them.

The plaintiff, however, hopes to exclude this case from the operation of the principle settled in the case of *Brown vs. Hicks,* because he has alleged in the conclusion of his declaration, that the said defendants have neglected and refused, and still neglect and refuse to pay the said sum of money, or any part thereof, to the said plaintiff, administrator, as aforesaid to the damage of the said plaintiff, *as administrator as aforesaid, &c. &c.* To this we would answer, that the plaintiff, not having been described as suing in his character as administrator, there is no antecedent to which the words as administrator as aforesaid, in the conclusion of the declaration, can have appropriate reference. And these words, of themselves, do not amount to a substantive averment, that the suit was brought by the plaintiff in his representative, and not in his individual character.

It is a well settled rule of pleading, that the declaration must state, with certainty, who are the *parties* to the suit, and not leave them to be made out by inference or conjecture. 1 *Chitty,* 230. It is to the commencement of the declaration, and not to the conclusion, that we must look for a statement of the names of the parties to a suit, and of the character in which they are to sue or be sued. " What is termed the commencement of the declaration, follows the venue in the margin, and precedes the more circumstantial statement of the cause of action. It contains a statement of the names of the parties to a suit, and if they sue or be sued in another right, or in a political capacity (as executors, assignees, *qui tam,* &c., &c.,) of the character or right in respect of which, they are parties to the suit. 1 *Chitty,* 254. It is also a well settled rule of pleading, and one too familiar to every

member of the profession, to require the citation of authority in support of it, that a party must recover in the character in which he sues, or he cannot recover at all. Inasmuch, therefore, as the plaintiff in this suit, has declared in his individual character for a cause of action, that could only have accrued to him in his representative character, the court below decided right in sustaining the demurrer. Nor can the words at the conclusion of the declaration "as administrator as aforesaid," cure the objection; for it is itself error to declare as Robert A. Watkins, and demand that damages should be assessed to him in a representative character; for he can only have judgment in the character in which he sues.

DICKINSON, J., delivered the opinion of the court:

The interest in all the goods, chattels, rights and credits, at the death of the party, is vested in his executor or administrator, as the case may be, whether he has reduced them into his actual possession or not. The interest which such representative takes in the property of the deceased, is very different from that which belongs to him in his own right. Instead of being an absolute interest it is only temporary and qualified: he is entitled to it in *auter droit* only, and is entrusted merely with the custody and distribution of the effects. *Com. Dig. Adm'r B.* 1, 2, 10; 9 *Co.* 88 *b.* As the representative, he may maintain an action on simple contract, in writing, or not in writing, either express, or implied, made with the deceased, whether the same became due and payable before, or after death. But he must sue in his representative capacity, and expressly name himself as such. 1 *H. Black,* 528; *Portman vs. Cane,* 2 *L. Raym.* 1413; *Cockerill vs. Kynaston,* 4 *T. R.* 278; 1 *Bac. Ab.* 91; *Rutland vs. Rutland, Cro. Eliz.* 377; *Com. Dig. Adm. B.* 1, 3; *D.* 1, 2; *Toller on Exec.* 439. The authorities as to the character in which the plaintiff should sue, are well calculated to create doubt and confusion. Yet the lines of distinction are strongly marked and well defined, and, when once discovered, must carry conviction of their correctness. In contradistinction to the cases in which the plaintiff *must* bring his action, strictly in his representative character, it is laid down in 5 *T. R.* 234; 2 *T. R.* 477; 5 *Wend.* 36; and other reporters, that if the defend-

ant receives money, belonging to the estate, after the death of the testate or intestate, or on a bond executed to him after his death, to secure a debt, due by simple contract, they account to the plaintiff, personally, and not in his representative character.

The declaration in this case is, "That Robert A. Watkins, administrator," &c., complains, &c., of a plea "that they render unto *him* the sum;" &c., nor does the breach allege that they refused to pay him *as administrator*.

The plaintiff no where shows that he sues in his representative character, either in stating his cause of action, or in the breach for the non-performance of it. In the case of *Brown vs. Hicks*, 1 *Ark. R.* 242, the court says: "There is a striking difference between the averment in the declaration, executor, or *being executor as aforesaid*," and the words "*as executor as aforesaid*. In the one instance, executor, or being executor as aforesaid, are mere words of description, having exclusive reference to personal identity. In the other, the term *as executor as aforesaid*, has but one meaning which is fixed by law, and is that the party sues, or is sued in his representative character." This principle laid down in the case last referred to, is fully sustained by abundant authority, and not only applicable to the case before us, but correctly decided.

The judgment is not so formal as it might be; for, upon sustaining the demurrer, in which there is no error in the court below, it should have been for the defendant, in bar of the judgment. It is, however not so irregular as to justify a reversal. The plaintiff, failing to file a sufficient declaration, as the court says, (for it does not appear whether leave was asked to amend or not;) the case is dismissed, and judgment entered, *de bonis propriis*, &c., we think, correctly, for, as the plaintiff did not bring his suit as administrator, in the absence of any legislative provision, he must pay the costs. The judgment of the circuit court is affirmed.