Mr. Justice Walker delivered the opinion of the Court. This suit was prosecuted in the name of Robert Hamilton, executor of Samuel P. Carson, deceased, upon a writing obligatory executed by the defendant and others to said Robert Hamilton, executor of the will of Samuel P. Carson, deceased. Before the case was brought to hearing Robert Hamilton, the plaintiff, died, and by consent of parties, the suit was revived in the name of William F. Hamilton, as the administrator de bonis non of the estate of Samuel P. Carson, deceased. And thereafter such proceedings were had that judgment was rendered in favor of said administrator de bonis oion against said defendants, for the debt, interest and costs of suit. From this judgment the defendant appealed. Two questions are presented by the record: 1st, did the cause of action survive to the administrator de bonis non9 2d. Was the action prosecuted by the first administrator in his individual or his representative character ? As respects the first point we think it evident that, if the cause of action accrued to the executor in his representative character, that is, if the money when collected would have been assets in his hands, it was competent for him to declare upon it in such right; and if the suit was commenced by him in that right, the right of action did survive to the administrator de bonis non. It is true that such was not the law under the earlier decisions of the English courts. And, that we may more clearly show the principle upon which the change was made, we will revert to the law as it stood at an early period and note some of its most important changes. At common law an executor was entitled to the surplus of the testator’s estate after paying his debts and specific legacies. Even the wife and children could assert no claim to the surplus until 22 and 23 Car. 2, which created the right and even the names of the distributees. It was under this statute that courts of equity held an executor a trustee for the distributees for such excess. (Foster vs. Mount, 1 Vern. 47. Middleton vs. Spicer, 1 Brown Ch. R. 201.) So, if an executor died intestate, all the goods unadministered went to the administrator de bonis non, and until the statute he also was entitled to the surplus of estate which came into his hands. (2 P. Williams, 161. Id. 340.) And under this rule nothing was considered unadministered except that which remained in kind, unchanged by sale or new contract with the executor; and the property, so changed or altered by new contract, was considered as administered upon; and if not applied to the payment of debts &c., it was held to be a devas-tavit and a tort. No change was made in this respect until 4 and 5 IF. & M., and that statute did not extend to administrators de bonis non. As to administrators, they were originally mere bailiffs of the ordinary, accountable to him alone. He was not bound to make distribution, nor could a creditor sue him for a debt until the statute Westminster 2, ch. 19, conferred a right of action. But neither at common law nor by this statute had the administrator nor the ordinary power to sue for a debt due the intestate. This power was conferred by 31 Ed. 3, ch. ll. (11 Yinefs Abr. 52.) These several statutes tended to enlarge the powers of the executor and administrator over the property, and at the same time to limit and qualify his right to it and fix and vest in the distributees more enlarged and well defined rights; and when it is remembered that administrators had at an early day, by the law of England, no power to sell on credit and consequently were not required to take bonds to themselves (which has been changed by statute) it is not difficult to account for the change which has been made in the decisions of the courts touching their rights, powers and duties; and a corresponding liberality should be observed in the forms of pleading and asserting those rights. The contest for a long while in the English courts seemed to be as to what should or should not be considered as assets un administered. Privity of contract, identity of property &c., had an important influence in the decisions of the courts, until the case of Bull vs Palmer, (2 Levins 165) in which it was held that where an executor or administrator makes a contract in which the money when collected would be assets in his hands, he may elect'to sue in his representative right; and although for a time this decision was shaken and a different rule was established in the cases of Hosier vs. Lord Arundel, (2 Bos. & Pull. 7) and Betts vs. Mitchell, (10 Mod. 316), it prevailed, however, for a short time until the rule as laid down in Bull vs. Palmer was reaffirmed and established upon a more permanent and enlarged basis. (Partridge vs. Court, 5 Price 419, 423, and Court vs. Partridge, 5 Price 412. King vs. Thom, 1 Term R. 487.) And since these decisions the rule in Bull vs. Palmer may be considered as fully settled by the more recent English and American decisions, and by this court in the cases of Lyon vs. Evans, 1 Ark. 364, and Perkins & wife vs. Crabtree, 5 Ark. 477. And the rule is equally well settled that where the cause of action is such that the first administrator may sue in his representative character, the right of action survives to the administrator de bonis non. (1 William’s Ex. 631. Cathwood vs. Chabaud, 1 B. & C. 150,) Mr. Justice Bayley, in delivering his opinion in the case of Clark vs. Houghan, (2 B. & C. 149,) in answer to the argument of counsel that where a payment by an executor or administrator is a devastavit, the personal representative can only sue to recover it back in his own name, remarked, “ that he could not assent to the truth of the argument; but on the contrary, when an executor or administrator discovers that he has in his representative capacity paid that which he ought not, he may in the same character recover it again. The money was assets, and if the suit be as executor or administrator it will continue assets; but if the suit be in. the individual capacity, the demand will in the first instance be subject to a set off, or when recovered will be liable to the plaintiff’s debts. A devastavit is a wrong and the law will not compel an executor to persevere in a wrong.” And it is equally clear that where by inadvertency or even, from design, an administrator or an executor contracts in his own name for the payment of money or otherwise, when in truth the money when collected should be properly assets in his hands, he may elect to treat it as due to him in his representative right and sue upon it as such. By this step he restores to the estate that which rightfully belonged to it and does in fact all that the law could make him do, if suit was successfully prosecuted against him for a devastavit: and the remark' of the of the learned judge The law will not compel an executor or administrator to persevere in a wrong” well applies. The administrator de bonis non succeeds to all the rights which belonged to the first executor or administrator, and may, if suit has not been brought on the debt, accept it as part of the assets to be administered upon and sue upon it in his representative character; or if an action has been commenced by the first executor or administrator on such cause of action in the representative right of such executor or administrator, the suit may be revived and prosecuted in the name of the administrator de bonis non. Upon the first point then we are satisfied that the cause of action was such, if the suit was commenced in the representative character of the executor of Carson, as should have been revived in the name of the administrator de bonis non of that estate. And this brings us to the second proposition, was the action prosecuted by the executor of Carson’s estate in his individual or representative right. If in his individual right, then having elected to treat it as such, he has fixed upon himself a devasta-vit, and the right of action survives to the immediate representatives of the executor; but if brought in his representative right, as we have already said, the action may be revived in the name of the administrator de bonis non of the estate of Carson. The writing obligatory, upon which this suit was brought, was executed by the obligors to the obligee in the following language: “ We promise to pay Robert Hamilton, executor of the will of Samuel P. Carson deceased, twenty-six hundred and fifty dollars” &c. The suit is commenced by petition under the statute and commences thus: “ your petitioner, Robert Hamilton, executor of Samuel P. Carson deceased, the plaintiff, states” &c. If the word “as” had immediately preceded the words “ executor &c.”, according to the defendant’s argument the terms “as executor &c.”, would have been descriptive of the right in which the plaintiff sued, but when omitted, the words “executor &c.” are but descriptive of the personal identity of the plaintiff and not of the right in which he sues. And so also with regard to the contract disclosed in the declaration, it is argued, that the words “ executor of the will of Samuel P. Carson deceased,” are personal description of the obligee: and we are referred to the repeated adjudications of this court and the authorities on which they are made, to sustain this position. It becomes us therefore, in view of the frequent recurrence of this question growing out of the construction given these decisiens, to review them in connection with the authorities upon which they rest, that we may correct and reconcile any apparent inconsistency which may exist. The question was first presented to this court in the case of Brown vs. Hicks, (1 Ark. 240,) where it was held that a suit brought by “ A, administrator of B.”, was asuitinthe individual capacity of A.: that the words “ administrator &c.” were a personal description of the plaintiff. The action was detinue and there was no where in the declaration, either in the cause of action as disclosed or in the averments, or breach, any thing tending to show a claim or right in which the estate of B. (the intestate) was interested, was intended to be asserted, unless it was from the words “ administrator <fcc.” in connection with the name of the plaintiff in the commencement of the declaration and their subsequent repetition, “ administrator as aforesaid.” Under this state of case, the court held that the words “ administrator &c.” did not indicate the right in which the plaintiff intended to sue but were words of personal description. “ That the plaintiff ought to name the defendant as executor, and if he failed to do so, unless it somewhere appears in the pleadings or by the assignment of the defendant, that there is a substantive allegation charging him as such, he can not be considered as sued in his representative character. The case of Hempstall vs. Roberts and others, (5 East 154,) is in many respects like that of Brotan vs. Hicks, and from the importance attached to it by the court, seems to have been the leading authority upon which the case of Brown vs. Hicks was decided. The action was assumpsit and all of the counts, except one, were on contracts and rights which accrued to the testator in his life time. One oí the counts was for interest which accrued to the plaintiff since the death of the testator. The suit was brought in the name oí Sarah Roberts “executrix &c.” andin the averments and breach the same description is given with the addition “ as aforesaid.” The word “ as” is omitted in connection with that of “ executor &c.” After judgment it was assigned for error that there was a misjoinder of counts — the first being in the representative right, while that for interest was in the individual right of the plaintiff. Jeevis for the assignment argued that the count for interest could not be joined with the others, because it disclosed a cause of action arising in the plaintiff’s own time, and he relied upon the case oí Betts vs. Mitchell, (10 Mod. 316) in support of his argument and insisted that the rule in Bull vs. Palmer should not be held as authority. So far therefore as importance may be attached to the argument of counsel as indicating the grounds upon which that decision rested it would appear to be upon the strength of the authority of Betts vs. Mitchell and kindred decisions. It will not be forgotten, however, that this case was overruled by the same court in the case of Patridge vs. Court, 5 Price 412. King vs. Thom, 1 Term R. 487. Lord Ellenboeough, in delivering his opinion in regard to the weight to be given to the case of Bull vs. Palmer admits that there are authorities both ways, and without either affirming or disaffirming the doctrine held in Bull vs. Palmer, decides that the terms “ Sarah Roberts, executrix” were not equivalent to a description of her as executrix, and sustains the objection that there was a misjoinder of counts. This decision, then, properly understood, settles but this point, that where the plaintiff is described as “A. B. Executrix” and the cause of action itself appears to have accrued to the plain-tiffin her individual right (as for interest since the death of the testator) a simple reference to the plaintiff as described in the commencement of the declaration, in the absence of the word “ as” is not sufficient to charge the defendant with an indebtedness to the plaintiff in her representative character. It never was intended that the rule should apply to the first count, in which a right of action accruing to the plaintiff in its terms alone by virtue of his fiduciary character was disclosed. Had such been the intention of the court, as the description of the plaintiff was precisely the same in allot' the counts, there would have been no grounds for sustaining the motion. We must understand the court in that case, then, as deciding that, where the declaration discloses a cause of action which, from its nature and terms, could only accrue to the plaintiff in his representative capacity, that the word “as” preceding the word “executor” was neither necessary in the commencement nor the subsequent averments in the declaration. The court does not say that the words “executrix &c.” are mere words of personal description. But that where the contract set out in the declaration prima Jade presents a cause of action to the plaintiff in her individual right, then it becomes necessary to use the more full and definite terms “as executor” in order to fix a liability upon the defendant to answer the plaintiff in her representative right. Next in importance to the case we have just examined is that of The Dean & Chapter of Bristol vs. Guyse, (1 Saund. 112.) This was a suit against an executor. No reference whatever was made to the character in which he sued in the commencement of the declaration; nor is there any description given of him except that of defendant, only describing the manner in which he entered into possession of the property. It is averred that he entered as executor. This was held a sufficient averment to charge the defendant in his representative character. Upon the strength of these authorities principally the case of Brown vs. Hicks, was decided, and that case has since been referred to as settling the manner of declaring in cases where administrators and others sue or are sued in a representative character. It wall be remembered that the case of Brown vs. Hicks was an action of detinue for a slave, brought by an administrator against an executor upon an alleged bailment by the plaintiff to the defendant. There was but one count and its terms of description of the plaintiff and defendant (whether personal or representative) were similar to the count for interest in the case of Hempstall vs. Roberts and others. In the counts, in both cases, a cause of action was disclosed which accrued to the plaintiff since the death of the testator and intestate. The one, however, for interest due; the other for personal property. Therefore, while it is conceded that this authority is in point and goes to sustain the comí: in the opinion delivered in the case of Brown vs. Hicks to the extent that the action was brought in the individual, not in the representative capacitjr of the plaintiff, yet it must be limited to counts or causes of action asserted in the individual right of the plaintiff. Because in the case of Hempstall vs. Robct'ts, if the same rule of construction had been applied to the counts whcih disclosed a right of action which accrued to the testator in his life time, as was applied to the count for interest, there would have been no error for misjoinder of counts; and they would all have been'declared insufficient to entitle the plaintiff to recover in her representative right. This court, m the case of Brown vs. Hicks decided that the terms “ A. B. administrator,” in the absence of the word “ as” immediately preceding the word “ administrator” did not indicate the right in which the plaintiff sued, but that the terms “ administrator &c.” were merely words of personal description and the reference to them in after parts of the declaration, “ A. B. administrator <fcc. as aforosaid” was not sufficient to entitle the plaintiff to recover in his representative character, and that the words “ as administrator &c.” must somewhere appear in the averments or breach in order to enable the plaintiff to recover in his representative right. The fact that the court attaches no particular importance to the position or connection in which these terms are used, shows clearly that it did not intend to decide that the word “as” was essentially necessary to assert a right of action or a breach of it; for if such had been the case then the word “as” should be used in averring an indebtedness to the plaintiff as well as in the breach; for an allegation of indebtedness to “A. B. administrator” and a breach that the money had not been paid to A. B. as administrator would not be commensurate with and responsive to such allegation, and for that reason in violation of a familiar and well recognized rule of pleading. So in the case of Sabin, ad. of Beldin vs. Hamilton, (2 Ark. 490.) The plaintiff was described as “Sabin administrator” omitting the word “as” in that connection throughout the declaration, except in the breach it was averred that the defendant failed to pay to the plaintiff as administrator. The court held this to be sufficient, and that the suit was brought in the representative right of the plaintiff. But even if the term as had not been used in averring a breach of the promise to pay, yet according to our understanding of the decisions of the case of Brown vs. Hicks and of Hempstall vs. Roberts, the declaration would have been good, for the cause of action in that case, disclosed, was one which could only have accrued to the plaintiff in his representative right. But when the cause of action is averred to have accrued to the plaintiff since the death of the testator or intestate, the terms “A. B. administrator &c.” are not sufficient without the aid of some more significant terms to indicate the right in which the plaintiff intends to sue. And these other and more significant terms will suffice if found in any of the allegations or breaches in the declaration and are used as aids to determine whether the plaintiff intended by the terms “A. B. administrator &c. plaintiff,” merely to identify and fix for himself a personal description, or that he intended to assert a right of action in a particular character. And this is the extent to which these decisions go in view of the cases decided and the authorities upon which they were made. The distinction between cases where the plaintiff counts on a cause of action, which could only accrue to him in his representative character, and such as he avers to have accrued to him since the death of the testator or intestate, seems to be this, that in the first class of cases the terms “A. B. administrator &c. plaintiff,” are explained and,, their meaning fixed by the plaintiff’s averring a cause of action which could alone be maintained by the plaintiff in his representative right: whereas in the second class of cases, the reverse is true, because the plaintiff by averring a cause of action which accrued to him since the death of the testator repels the presumption that the terms “ administrator &c.” were intended to indicate or declare the right in which he sued, unless other and more definite terms are brought to their aid. Much importance has been attached by the court to the use of the word “as” in determining the right in which the plaintiff intended to sue. We readily admit that this word in connection immediately preceding the word “ administrator” does more certainly indicate the character or right in which the plaintiff intends to declare, yet it by no means follows that no other word or connection of words will express with sufficient certainty the right in which the suit is brought, or that the words “ administrator &c.” disconnected with the word “as” should, in view of the whole pleadings be limited in meaning to a mere personal description of the plaintiff. So far from this, every word used must be understood in its ordinary sense; and where from its position or otherwise, it is susceptible of two meanings, that should be given to it which will best accord with the obvious intention of the instrument, such as will promote not defeat that intent. The books of precedents furnish no instance within the range of our observation where the word “as” is used to declare the representative character of the plaintiff in the commencement of the declaration; but the uniform practice is to omit the word “as” and simply describe the plaintiff as “A. B. executor &c.” The word “as” however is most fi’equently used in the after averments and breaches. Whilst it is best in most instances to adhere to long and well tested precedents, it is worthy of remark that out of abundant caution technical formalities have been kept up long after the rules of law which gave rise to them have been enlarged, and not unfrequently abandoned. We are not however left to determine this question on the force of English decisions, or the precedents suited to the rules under them, but have found several decisions of the courts of our sister States, which fully sustains the conclusions at which we have arrived. In the case of Carter vs. Phillips, ad. (8 John. R. 440) the court, in delivering its opinion, said : “ There is no well founded objection to the counts in the declaration. In all of them the cause of action is stated to have arisen in the life time of the intestate, and though the promise by the defendant is not stated to be made by him ‘as administrator,’ yet it is stated in every instance that the cause of action arose and the promise to perform it was made by the intestate and a promise also by the defendant ‘ administrator as aforesaid.’ The breach states that all the defaults were by the intestate in his life time and by the defendant ‘ administrator as aforesaid.’ In no instance is the defendant charged in his own right, he is charged throughout as administrator, and any objection to the omission in stating the promise to have been made by him ‘as’ administrator or in omitting that addition in part of the fifth count was in this case only the omission of matter of form. The case of Brigden vs. Parks, (2 Bos. & Pul. 424) is not applicable; for there the executor was charged as being liable in his own right, and the cause of action to have accrued to him after the testator’s death.” In the case of Myer et al. vs. Cole, ex. (12 John. 349) and Christopher vs. Stokes, (5 Wend. 36) sustain the distinction taken above between causes of action which accrued to the testator in his life time and such as accrued to the administrator since his death. In the case of Martin vs. Smith, (5 Bin. 21) suit was brought by Smith “ executor &c.” omitting the word “as.” The cause of action accrued to his testator. Upon argument of the sufficiency of the declaration the court said : “ It is contended by counsel for the plaintifT'm error that the conclusion is wrong, laying the injury to the damage of the said John Smith without adding ‘as administrator of the said Elizabeth Smith.’ This objection has no weight. In actions brought by executors or administrators, the usual conclusion is to the damage of the plaintiff, without saying more.” In the case of Dykes vs. Woodhouse, ex. (3 Randolph R. 312) suit was brought by John Ansell “ executor of Woodhouse.” It was argued that the word “as” should have been used in connection with that of “ executor.” The court said: “Even if this would have been more perfectly set out by the word “as” before the word “executor” or by a direct averment that it was for a debt due to the testator, and oven admitting (which I do not) that this declaration would, have been bad on special demurrer, yet there has been a trial in which, if the case is as alleged, the party had his remedy.” Thus it will be seen that the distinction taken between causes of action which accrued to the plaintiff before and such as accrued since the death of the testator or intestate, as recognized in the case of Hempstall vs. Roberts and others in 5 East, has been preserved and adhered to up to the latest decisions upon the subject by the American courts, and under the particular state of case before the court, was applicable also to the case oi Brown vs. Hicks. Had the court in that case limited and confined its decision to causes of action which accrued to the plaintiff since the death of the testator or intestate and had clearly distinguished between actions upon contracts made with the testator or intestate and such as were made with the executor or administrator since the death of the testator or intestate, it would not thereafter have been led into error, as it was in the case of Watkins, ad. vs. McDonald et al. (3 Ark. R. 270,) by applying the rule laid down in the case of Brown vs. Hicks to causes accruing fo the testator or intestate in his life time. That decision cannot be sustained by the decision in the case of Brown vs. Hicks restricted, as it should have been, to the state of case then before the court. And so far as the case of Cravens, ex. vs. Logan, (2 Eng. R. 106) conflicts with the rule as laid down by the authorities to which we have referred, or denies unqualifiedly the right to the administrator de bonis non to sue upon a contract made with the executor or administrator, it must be considered as overruled. The case in 4 Bibb, 346, upon examination, has not the bearing upon this case which counsel suppose. It denies the right of action to the executor or administrator in his representative capacity in every instance where the contract is made with him since the testator or intestate’s death, and is overruled by all the later decisions. After due consideration we do not feel at liberty to depart from the rule as laid down by the authorities to which we have referred, which hold the pleader to greater strictness in declaring on contracts on which he may sue in either right, than such as he can only recover on in his representative right. In the case before us the contract was made with the executor since the death of Carson : and the question is, did he elect to sue in his individual or representatiye capacity. If we refer to the petition, we do not find there that greater certainty which is required under the decisions to which we have referred. A reference to the contract itself and the terms there used do but inform us that it is such a contract as the plaintiff may sue on in either right. The first petition filed was evidently such as the plaintiff might have recovered on in his representative right. There the petititioner states that he “ as executor is the- legal holder of a bond &c.” That petition appears from the record to have been demurred to, for the reason that the suit was brought in the representative right of the plaintiff The demurrer was conceded and an amended petition filed, in which the petitioner states that “ he is ■ the legal holder of a bond.” The bond itself furnishes no clue to the intention of the party to sue on it in the one or the other right; in either form the statute requires it to be copied. The suit is, however, without reference to the first petition (which is not before us) in every respect such as the plaintiff should have brought to sustain an action in his own right. We must consider him therefore as having done so : and having made such election, the action survives to the representatives of the, deceased executor and not to the administrator de bonis non. It was irregular therefore to revive the suit in the name of such administrator. By the consent of parties all objections to the form of bringing the new party before the court may be waived. But when the party so brought upon the record has no interest in the suit, such consent does not make him a party in interest; no right of action is thereby conferred, and consequently no valid judgment could be rendered in his favor. The question of evidence, from the view which we have taken of the case is not important to the final disposition of the suit. The judgment of the Sevier circuit court must be reversed and the cause remanded to be progressed in by the legal representatives of Robert Hamilton, should they desire, to do so.